**Pearlie McGILL**

v.

**GENERAL ELECTRIC COMPANY.**

**Civ.No. Y–81–1536.**

United States District Court,
D. Maryland.

Oct. 22, 1981.

Edward Smith, Jr., Baltimore, Md., for plaintiff.

Stanley Mazaroff, and Jeffrey P. Ayres, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff, having worked as an assembly line worker at defendant General Electric Company's major appliance manufacturing plant in Columbia, Maryland, since March 27, 1972, now sues under Title VII, 42 U.S.C. §§ 2000e *et seq.*, and under 42 U.S.C. § 1981, because an allegedly illegal warning notice was issued to her on April 8, 1980. On December 30, 1980, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. That agency found no probable cause to believe that defendant had discriminated against her. On June 17, 1981, plaintiff filed this federal lawsuit seeking to have the letter of warning rescinded.

■ Plaintiff's Title VII claim is barred because plaintiff failed to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act, as required by 42 U.S.C. § 2000e–5(e). *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). Since the undisputed facts demonstrate that plaintiff did not file a timely EEOC charge, summary judgment is appropriate. *Bledsoe v. Pi-*

**1128**

*lot Life Insurance Co.,* 602 F.2d 652 (4th Cir. 1979).

■ Plaintiff's § 1981 claim is also barred. Because Section 1981 does not contain its own statute of limitations, the Court must apply the "most analogous" Maryland statute of limitations in determining whether plaintiff's claim is timely. *Runyon v. McCrary,* 427 U.S. 160, 180, 96 S.Ct. 2586, 2599, 49 L.Ed.2d 415 (1976). For Section 1981 employment discrimination claims, the most analogous Maryland law is Art. 49B of the Maryland Code. This statute provides that any person who has allegedly suffered discrimination at the hands of corporations licensed or regulated by the Department of Licensing and Regulation may file a complaint with the Maryland Human Relations Commission. The limitations period for such complaints is six months from the date of the alleged discriminatory act. Md.Ann.Code, Art. 49B § 9(a).

■ The Fourth Circuit has recently established a standard for determining which state statute of limitations should be applied to an action brought under a federal law that has none. In *O'Hara v. Kovens,* 625 F.2d 15 (4th Cir. 1980), *cert. denied,* 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109, plaintiffs, who claimed to be defrauded sellers of stock in the Marlboro Race Track, sued under a variety of statutes, including § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). The Court affirmed the lower court's ruling that the § 10(b) claims were barred by the one-year statute of limitations for private causes of action under Maryland's blue sky law. The court stated the standard as follows:

> When borrowing a state statute of limitations for federal purposes, a court should look to the statute which most clearly addresses the same or similar policy considerations as are addressed by the federal right being asserted. It is not necessary that the state statute operate in the same fashion as the federal scheme, nor is it necessary that the state statute describe a cause of action identical to the federal cause at issue. [citations omitted]. There simply must be a commonality of purpose between the federal right and the state statutory scheme so that it is reasonable to subject the federal ... right to the statute of limitations provided by state law.

*Id.* at 18. Despite the fact that at the time plaintiff's cause of action accrued, the Maryland blue sky law did not allow a private cause of action, the court applied the state law's one-year limitations period because "[t]he federal and state securities laws both promote the same policy of full disclosure in stock transactions." *Id.* at 17. The court declined to use the three-year statute of limitations applicable to civil actions with no specified time limitation, on the ground that plaintiff's civil action would be in fraud and "the shared purposes between § 10(b) and common law fraud are generalized at best." *Id.* at 18.

Applying this standard to the instant case, the relevant statute of limitations is the six-month period specified in Md.Ann. Code, Art. 49B § 9(a), rather than the three-year period applicable to civil actions with no specified time limitation. Section 1981, as applied to an employment discrimination case, and Art. 49B both "promote the same policy" of discouraging discrimination in the workplace. *See, Id.* at 17. This "commonality of purpose," is clearly far greater than the very broad overlap between state civil actions and 1981 discrimination suits. The similarity of purpose is sufficiently strong so that it is reasonable to subject the federal right of action under § 1981 to the statute of limitations established by Art. 49B. While the Art. 49B limitations period is shorter than that for civil actions in general, the shorter period does not conflict with any federal policy, since it provides for precisely the time permitted under Title VII. *Burns v. Sullivan,* 619 F.2d 99, 107 (1st Cir.), *cert. denied,* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980) (applying to a § 1983 employment discrimination suit the six-month limitations period of the Massachusetts equivalent of Art. 49B, rather than the three-year period for civil actions generally). Finally, the fact that Art. 49B does

not provide a private cause of action is irrelevant, given the "commonality of purpose." *Id.* at 17–18. *Accord, United Parcel Service, Inc. v. Mitchell,* —— U.S. ——, —— n.3, 101 S.Ct. 1559, 1563 n.3, 67 L.Ed.2d 732 (1981). Under the six-month limitations period, plaintiff's claim is barred, because she filed her § 1981 complaint more than 14 months after the alleged discriminatory act. Therefore, defendant's motion for summary judgment must be granted.

Even were plaintiff's claims not time-barred, defendant would be entitled to summary judgment, because plaintiff's claim is frivolous. According to uncontested affidavits submitted by defendant, the facts surrounding the warning are as follows: On April 8, 1980, plaintiff told her foreman McMillion, a Black male, that she did not want to clean parts containers, because she "didn't want to be a maid." McMillion reminded plaintiff that all production line employees were required to clean parts containers and told her that she was expected to do her share of this job. At this point, plaintiff in the presence of other employees, shouted at McMillion, who perceived her words as threatening and abusive. Believing that plaintiff's actions had violated defendant's written Code of Conduct, McMillion brought plaintiff to the office of his unit manager, Watson, so that plaintiff could tell her version of the incident to a more senior manager who was not involved. After reviewing the facts, Watson supported McMillion's recommendation that plaintiff be disciplined, and, in accordance with defendant's written policies, McMillion gave plaintiff a written warning notice. Plaintiff, assisted by an Employee Relations Specialist, pursued her remedies under defendant's grievance procedure and the warning was eventually upheld by the plant's chief executive officer.

In response to defendant's motion for summary judgment, plaintiff presented only a one-page affidavit, contending that it raised a genuine issue of material fact. The only issue of fact raised is the precise language plaintiff used in addressing McMillion. According to McMillion, plaintiff shouted the following: "Get out of my face, nigger, I'm tired of your shit. I don't want to go to jail, I don't want to lose my job." According to plaintiff, she said to McMillion, "Get out of my face." While these differing accounts raise an issue of fact, it is not a *material* fact. Even if plaintiff's version of the encounter is correct, it is apparent that she used abusive language. Therefore, the written warning notice reprimanding plaintiff for using "abusive language" toward her supervisor was issued for a "legitimate, non-discriminatory reason," and was not based upon plaintiff's race. *McDonell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Since there is no genuine issue of material fact, and since the evidence before the court indicates overwhelmingly that plaintiff was disciplined for good reasons having nothing to do with her race, defendant is entitled to summary judgment.

It is worth noting that there is no reason to believe this warning has had or will have any impact upon plaintiff's employment with defendant. She is still working there and has been promoted since the warning was issued. Moreover, the warning is no longer active under defendant's progressive discipline system.

For the reasons set forth herein, it is this 22nd day of October, 1981, by the United States District Court for the District of Maryland, ORDERED:

That defendant's motion for summary judgment BE and the same IS, hereby GRANTED.