Alonzo LAY, Jr.

v.

**BETHLEHEM STEEL and Social Insurance Company.**

Civ. No. Y–81–1948.

United States District Court, D. Maryland.

Jan. 29, 1982.

---

**5.** This question has expressly been left open in this circuit. *See, Breest v. Perrin*, 655 F.2d at 5 (1st Cir. 1981).

Alonzo Lay, Jr., pro se.

Douglas D. Connah, Jr., Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff filed this complaint by letter *pro se* claiming that he burned his foot at work at Bethlehem Steel and received improper medical treatment. He also claims that he purchased savings bonds, which his employer sent to the wrong address. In addition, plaintiff claims that his discharge was illegal, based on race. Plaintiff alleges that he is white and defendant employs mostly blacks.

Following the rulings in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978), the Court has made every effort to afford this *pro se* litigant an opportunity to present his claims. Although the claims hardly seem cognizable in federal court, the Court allowed process to be served on defendants so that if there was any kind of civil rights claim, the facts could be established.

Defendant * responded with a "Motion to Dismiss or, in the alternative, for Summary Judgment," assuming from the letter and the correspondence with the Court, that the claims must be based on either Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, or the Civil Rights Acts of 1866, 1971, 42 U.S.C. § 1981. In support of its motion, Bethlehem Steel submitted an affidavit of its Superintendent of the Personnel Services Department accompanied by copies of plaintiff's employment record. Although this Court notified plaintiff of his responsibility to counter the motion with affidavits or other appropriate materials, *Davis v. Zahradnick*, 600 F.2d 458 (4th Cir. 1979); *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff's communications with the Court since notice was given have failed to include any material which could

be considered in opposition to the motion for summary judgment. Summary judgment will therefore be entered pursuant to Rule 56.

The documents supporting the motion for summary judgment indicate that the plaintiff was dropped from the employment of the defendant on July 25, 1971, for failure to appear for ten consecutive days for work, and has not been employed by Bethlehem since that date.

If the claim is construed as brought under Title VII, the claim is barred because the statutory prerequisite to the maintenance of a civil action in federal court, prior filing of a charge with the EEOC, has not been demonstrated. 42 U.S.C. § 2000e–5(f)(1); *United Black Firefighters of Norfolk v. Hirtz*, 604 F.2d 844 (4th Cir. 1979).

If the claim is one under other Civil Rights Acts, specifically 42 U.S.C. § 1981, then the claim is time-barred. Because section 1981 does not contain its own statute of limitations, the courts must apply the most analogous state statute to determine if plaintiff's claim is timely. *Runyon v. McCrary*, 427 U.S. 160, 180, 96 S.Ct. 2586, 2599, 49 L.Ed.2d 415 (1976). The Fourth Circuit recently established a standard for determining which state statute of limitations should be applied to an action brought under a federal law which has none. In *O'Hara v. Kovens*, 625 F.2d 15 (4th Cir.), *cert. denied*, 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1980), the court set the following standard:

> When borrowing a state statute of limitations for federal purposes, a court should look to the statute which most clearly addresses the same or similar policy considerations as are addressed by the federal right being asserted.

*Id.* at 18. This Court has already found that for Section 1981 employment discrimination claims, the most analogous Maryland law is Art. 49B of the Maryland Code. *McGill v. General Electric Company*, 524

---

* The affidavit submitted by Bethlehem Steel asserts that the alleged co-defendant, Social Insurance Company, is not a legal entity separate from Bethlehem Steel Corporation. The Court, therefore, treats Bethlehem Steel as the sole defendant.

F.Supp. 1126 (D.Md.1981). This statute provides that a person who has allegedly suffered discrimination at the hands of corporations licensed or regulated by the Department of Licensing and Regulation may file a complaint with the Maryland Human Relations Commission within six months of the alleged discriminatory act. Even if the limitations periods were three years, as one opinion in this Court has indicated, *Robertson v. State Department of Personnel*, 481 F.Supp. 108 (D.Md.1978), the acts upon which the claims are based, having occurred in 1971 and earlier, would be outside the limitations period.

For the above reasons, it is this 29th day of January, 1982, by the United States District Court for the District of Maryland, ORDERED:

That the defendant's motion for summary judgment BE, and the same IS, hereby GRANTED.