Brian McNUTT, Appellant,

v.

DUKE PRECISION DENTAL AND OR-
THODONTIC LABORATORIES, INC.
and Charles Duke and Robert M. Tan-
kin, Appellees.

No. 82–1179.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 8, 1982.

Decided Jan. 17, 1983.

Norris C. Ramsey, Baltimore, Md., for appellant.

Alex S. Katzenberg, III, Baltimore, Md. (Cohen, Snyder, McClellan, Eisenberg & Katzenberg, P.A., Baltimore, Md., on brief), for appellees.

Stanley Mazaroff, Baltimore, Md. (George W. Johnston, Jeffrey P. Ayres, Venable, Baetjer & Howard, Baltimore, Md., on brief), for amicus curiae, Johns Hopkins Hospital.

Richard J. Magid, Baltimore, Md. (Whiteford, Taylor, Preston, Trimble & Johnson, Baltimore, Md., on brief), for amicus curiae, Record Data of Maryland, Inc.

Before RUSSELL and PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

The judges of the district court for the District of Maryland have divided on the question of the period of limitations within which an action for racial discrimination in employment may be commenced in that court under the Reconstruction Civil Rights Acts. Some have held that the Md.Cts. & Jud.Proc.Code Ann. § 5–101 (1980 Rep. Vol.), which provides a three-year period, is the appropriate Maryland statute to apply.

See *Evans v. Chesapeake & Potomac Telco.*, 535 F.Supp. 499 (D.Md.1982). Others, including the district judge in this case, have held that the applicable period is provided by Md.Ann.Code Art. 49B, which provides a six-month period in which an administrative complaint may be filed with Maryland's Human Relations Commission. *See McGill v. General Electric Co.*, 524 F.Supp. 1126 (D.Md.1981).

In passing, in *Woodworkers Local 5346 v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1271 (4th Cir.1981), we stated that the applicable period in Maryland was three years, but we did not then have before us a contention that the more relevant and appropriate statute was Art. 49B. The question, then, is an open one before us.

## I.

In October 1981 the plaintiff filed a complaint against his former employer, its owner and president, and a fellow employee alleging racial harassment culminating in an incident of February 28, 1980 during which the fellow employee allegedly, armed with a handgun, threatened to blow the plaintiff's head off. The plaintiff called the police, who arrested the fellow employee. The employee was later convicted of assault with intent to kill. Meanwhile, however, the plaintiff was discharged in March 1980.

The action was thus commenced well over a year after the alleged acts of discrimination, but less than three years.

## A.

Md.Cts. & Jud.Proc.Code Ann. § 5–101 (1980 Rep. Vol.) is a general three-year statutory period of limitations applicable to all causes of action for which no other limitations period is specifically provided. There is no such other statute specifically providing a period of limitations for actions commenced in the state courts under the Reconstruction Civil Rights Acts. It is the appropriate statute to which to look unless, as the district court held, the six-months limitation on the initiation of administrative proceedings before the Maryland Human Relations Commission provides a more appropriate benchmark.

The district judge found substantial "commonality of purpose"[1] between the Maryland statute proscribing racial discrimination in employment and 42 U.S.C.A. § 1981. Indeed there is, but so too there is between 42 U.S.C.A. § 1981 and the prohibition against racial discrimination in employment under Title VII, under which administrative proceedings before the Equal Employment Opportunity Commission must be commenced within 180 days of the alleged discriminatory act. 42 U.S.C.A. § 2000e–5(e).[2]

In comparable contexts, the same problem has arisen in a number of cases outside the Fourth Circuit. The majority have held that a statutory limitation upon the initiation of administrative proceedings is not applicable to a judicial action to enforce a civil right derived from the Civil Rights Act of 1864.[3] Respectable authority represents the minority view.[4]

There may be some virtue in the minority's preference for a short period of limitations, for controversies over discharges, demotions and failures to promote or transfer, particularly when the plaintiff is a public employee, should be promptly asserted and promptly resolved. We judges, however, do not sit as legislators. We must take the statutes as we find them and comply with the congressional direction that we apply the one we find most appropriate. We are not convinced that a limitation upon the

informal initiation of an administrative proceeding is the most appropriate for application to an action commenced in a district court of the United States.

Like Title VII, Maryland's Article 49B provides a mixed scheme of administrative and judicial enforcement of enumerated civil rights. Each requires the filing of an administrative complaint within approximately six months. What is envisioned, however, is an informal proceeding in which the complainant may state his grievance to an employee of the Commission, after which the Commission staff will proceed to investigate and process the complaint. Nothing more is required of the complainant within the six-months period.

Before an action is filed in the district court of the United States, however, usually legal representation must be obtained, and substantial investigation and preparation by the lawyer must precede the preparation and filing of a formal complaint. The process may take substantially more time than the relatively simple procedure of filing an administrative complaint with the assistance of administrative staff employees.

 The Court of Appeals of Maryland has observed that the filing of a complaint with Maryland's Human Relations Commission "merely triggers the investigative process." *Banach v. State Commission on*

1. See *O'Hara v. Kovens*, 625 F.2d 15 (4th Cir. 1980), *cert. denied*, 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981).

2. Under 42 U.S.C.A. § 1988, in the enforcement of rights derived from § 1981 and its related statutes, we are directed to apply federal laws insofar as they are suitable, but to apply state law insofar as federal law is deficient, so long as the state law applied is not inconsistent with the federal Constitution and laws. Hence, one wonders why the defendant's contention is not that the relevant period is supplied by the 180-day limitation upon the commencement of administrative proceedings under Title VII. Perhaps the answer is that there is no indication that the Congress intended the limitations upon the commencement of administrative proceedings to be applied to judicial actions for the enforcement of rights derived from the Reconstruction Civil Rights Acts, but there is no indication that the Maryland Legislature had

any such intention when it enacted the comparable six-months limitations upon the commencement of administrative proceedings under its law.

3. *See, e.g., Zuniga v. AM–FAC Foods, Inc.*, 580 F.2d 380, 384 n. 5 (10th Cir.1978); *Chambers v. Omaha Public School District*, 536 F.2d 222, 226 (8th Cir.1976); *Mason v. Owens-Illinois, Inc.*, 517 F.2d 520, 521–22 (6th Cir.1975); *Waters v. Wisconsin Steel Works of International Harvester Co.*, 427 F.2d 476, 488 (7th Cir.), *cert. denied*, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970).

4. *Burns v. Sullivan*, 619 F.2d 99, 107 (1st Cir.), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980); *accord, Holden v. Commission Against Discrimination*, 671 F.2d 30, 33 (1st Cir.1982); *Hussey v. Sullivan*, 651 F.2d 74, 76 (1st Cir.1981) (per curiam).

*Human Relations,* 277 Md. 502, 356 A.2d 242, 249 (1976). The court added that the Legislature "assumed that the [post-filing] investigative process would flesh out the charges made by the individual before the respondent was initially called upon to answer them." *Id.,* 356 A.2d at 250. A relatively short limitations period was clearly thought by the Maryland Legislature as appropriate to such an administrative proceeding, but it does not appear appropriate for application to a judicial proceeding in which the investigatory phase must precede the filing of the complaint.

Moreover, the enforcement schemes contemplated by Maryland's Article 49B and 42 U.S.C.A. § 1981 are completely different. Maryland's administrative proceeding is designed primarily to "eliminate the discrimination by conference, conciliation, and persuasion." *See* Article 49B, § 10(b) (1982 Cum. Supp.). If a process of conference, conciliation and persuasion is to be effective, claims must be fresh. The older they are the less the likelihood of successful administrative adjustment. In 42 U.S.C.A. § 1981, of course, there is no such conciliatory scheme or purpose. It is simply a machine for adversarial enforcement of rights secured by federal law. Some such actions may result in settlements, of course, but the statute is a vehicle for litigation. There is a strong policy against judicial assertion of stale claims, but statutes of limitations clearly applicable to judicial assertion of claims generally contain much longer periods than do those applicable to administrative proceedings where a primary objective is conciliation and attaining voluntary compliance.

### B.

Defendants contend that if the six-month limitations period is inapplicable, the claim is barred by the one-year statute of limitations applicable to actions for assault, battery, libel or slander. Md.Cts. & Jud.Proc.Code Ann. § 5–105 (1980 Rep. Vol.). The complaint does contain allegations of an assault and of defamation, but we read the complaint as stating a claim for racially discriminatory discharge following discriminatory harassment in employment. The alleged slander occurred after termination of his employment and could not be treated as an element of the § 1981 claim. We are told that he brought an action in a state court for damages flowing from the alleged assault, and the assault would be relevant in a § 1981 action only as an incident of alleged harassment. The allegations of assault may not be treated as a pendent state claim, and the trial judge may take appropriate steps to assure that no damage award in this case will be duplicative of damages obtained or obtainable in the state court proceeding.

### II.

If we are not prepared to affirm the decision of the district court that Article 49B's six-month period of limitations is applicable, we are urged by Record Data of Maryland, as *amicus curiae,* to certify the question to the Court of Appeals of Maryland. The difficulty with the suggestion, however, is that the question before us is one of federal law, not of state law. It arises under 42 U.S.C.A. § 1988, which directs us to choose and apply the most appropriate provision of state law. There is no Maryland statute which specifically addresses the matter. And the Court of Appeals of Maryland has no more experience than we in considering and weighing the relative appropriateness of state statutes which were never intended for application in the context of this case. Had there been in Maryland a decision or body of decisions on the subject which were not discriminatory in their result, we would probably accept them as the common law of the State of Maryland, for we are authorized by § 1988 to apply her common law as well as statutes. Since there is no such established body of common law, however, the initial task of picking and choosing between the statutes is placed by § 1988 upon us.

### III.

The plaintiff's complaint attempted to state a claim under 42 U.S.C.A.

§ 1985(3). It alleges the deprivation of equal protection of the laws arising out of a conspiracy between the two individual defendants to prevent the prosecution of Tankin on the assault charge. Section 1985(3) merely provides a remedy for the violation of rights guaranteed by federal law or the Constitution. *See Doski v. M. Goldseker Co.*, 539 F.2d 1326, 1333 (4th Cir.1976). Plaintiff's complaint ·may not be read to state a cause of action under § 1985(3) for violation of rights flowing directly and exclusively from the Fourteenth Amendment because neither defendant is a public official. The only specific act allegedly done by Duke, the employer, and Tankin, co-employee, in aid of a conspiracy was that several months after the plaintiff's discharge, the two defendants sought to dissuade the prosecutor from proceeding with the prosecution of Tankin. That, however, would violate no federal right of the plaintiff. Though the plaintiff felt that he had been seriously wronged, he had no federal right to exercise the prosecutor's discretion or to foreclose pleas of leniency by the accused and his employer.

There is no allegation that the defendants in any other manner deprived the plaintiff of any privilege or immunity granted by the laws of the United States. The district court properly dismissed the § 1985(3) claim. *See Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–1799, 29 L.Ed.2d 338 (1971).

### IV.

The judgment of the district court dismissing plaintiff's § 1985(3) claim is affirmed. The district court's order dismissing the plaintiff's § 1981 cause of action as time-barred by Maryland's Article 49B, however, is vacated, and the case is remanded for further proceedings consistent with this opinion.

AFFIRMED IN PART: VACATED IN PART: AND REMANDED.