Caralyn BLAKE, Plaintiff,

v.

The AMERICAN COLLEGE OF OBSTETRICIANS AND GYNECOLOGISTS, Defendant.

Civ. A. No. 84–1155.

United States District Court, District of Columbia.

May 15, 1985.

Lawrence J. Sherman, Washington, D.C., for plaintiff.

William F. Causey, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

STANLEY S. HARRIS, District Judge.

### I. FACTS

The plaintiff is a black female who was employed by the defendant in August 1981 as a secretary. Following her suspension on June 30, 1982, and her ultimate termination on July 13, 1982, she filed charges of racial discrimination and retaliation with both the Equal Employment Opportunity Commission (EEOC) and the District of Columbia Office of Human Rights (OHR). She alleges that the termination was a result of her absences from work which she characterizes as substantial but legitimate due to major surgery, illness, and a family death. On August 24, 1984, the OHR issued a determination in which it found that there was probable cause to believe that the defendant had committed unlawful discriminatory employment practices. The plaintiff thereafter withdrew her complaint from the OHR and elected to seek redress through the judicial process. *See* D.C.Code § 1–2556 (1981). A right-to-sue notice was issued by the EEOC on January 20, 1984.

This suit was filed on April 13, 1984. The plaintiff seeks declaratory and equitable relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.;* compensatory and punitive damages based on Title I of the Civil Rights Act of 1866, 42 U.S.C. § 1981; and relief under the District of Columbia Human Rights Act (DCHRA), D.C.Code § 1–2556. A common law claim of breach of contract also is asserted.

The defendant has filed a somewhat simplistically styled "Motion To Strike Jury Demand." It is predicated on the contention that plaintiff's claims under the DCHRA and § 1981 are time-barred. The Court next is urged to decline to exercise pendent jurisdiction over the local law claim for breach of contract, since the sole federal claim at issue would be under Title VII. Title VII carries no right to a jury trial, so the plaintiff would have no remaining claim by which she is entitled to a jury trial.

## II. STATUTE OF LIMITATIONS

### A. DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

Under the DCHRA, a person may seek redress for unlawful discriminatory

practices through administrative proceedings by filing a complaint with the OHR pursuant to § 1–2544(a). That statute specifies a one-year limitation period. Alternatively, a person may file suit in a court of competent jurisdiction under § 1–2556(a). Although there is no statutory limitations period established for judicial relief, it is settled law that the one-year time limitation applicable to administrative proceedings under § 1–2544 is applicable to actions at law as well. *Davis v. Potomac Electric Power Co.*, 449 A.2d 278, 281 (D.C.1982).

■ The plaintiff's complaint was filed in this court one year and nine months following her discharge, well beyond the statutory period. She argues, however, that the mere existence of a one-year limitation period does not foreclose her claims under the DCHRA. She contends that tolling principles should be read into the Act to suspend the running of the statute of limitations during the pendency of her administrative action, which she began four months after her discharge.

The Supreme Court read tolling principles into Title VII, the federal counterpart to DCHRA,[1] when it held that compliance with the filing period was not a jurisdictional prerequisite to filing a Title VII suit, but rather was subject to tolling when equity required. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982). Although *Zipes* involved the time limit for filing a charge of discrimination with the EEOC under Title VII, its reasoning extends to the limitation for filing suit after withdrawing from the administrative process under the DCHRA. By plaintiff's filing of charges with the OHR, the particular purpose of filing, *i.e.*, prompt notice to the defendant employer, was satisfied. Similarly, the other purposes of statutes of limitation in discrimination cases would not be frustrated by tolling. Statutes of limitations are designed to ensure fairness to

defendants by protecting against "stale claims in which the defense is hampered by lost evidence, faded memories, and disappearing witnesses, and to avoid unfair surprise." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 473, 95 S.Ct. 1716, 1726, 44 L.Ed.2d 295 (1975) (Marshall, J., concurring in part and dissenting in part). *See also Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945). Here the defendant had an opportunity to—and did—defend at the agency level against the same discrimination claims now asserted in this litigation. Furthermore, relevant evidence was compiled and preserved by both parties through administrative records, thereby mitigating the danger of impermanent evidence which is characteristic of discrimination cases.

The situation of a withdrawn timely administrative complaint and a subsequent attempt to sue after the expiration of the one-year limitation period was dealt with in *Jones v. Management Partnership, Inc.*, 32 FEP Cases 639 (D.D.C.1983). There, Judge Flannery found that the employee's suit was not barred by her previous administrative filing with the OHR where it was withdrawn after the OHR found probable cause but before a hearing could be held. *Id.* at 640–41. That did not help the plaintiff in *Jones*, however, for without considering the possibility of tolling the statute during the pendency of the administrative action, Judge Flannery found that her action at law was barred for untimely filing. Under that ruling, a plaintiff alleging discrimination who wished to preserve her judicial remedy would either have to withdraw her administrative complaint within one year regardless of its stage of resolution, which would be a waste of resources, or would have to look solely to the courts since the two remedial procedures cannot run concurrently.[2] The policy in support of

1. *See Newsweek Magazine v. D.C. Comm'n on Human Rights*, 376 A.2d 777, 788 (D.C.1977). *See also Jones v. Management Partnership, Inc.*, 32 FEP Cases 639, 641 (D.D.C.1983).

2. *See Brown v. Capitol Hill Club*, 425 A.2d 1309 (D.C.1981). In contrast, a case alleging Title VII and § 1981 claims may run under one statute in an administrative forum and under the other in a judicial forum at the same time. This point

conciliation and voluntary compliance through administrative proceedings in the DCHRA would be short-circuited by excessive technicality. Therefore, although the DCHRA statute of limitations is applicable, the Court concludes that it was suspended during the pendency of the plaintiff's administrative action and that portion of plaintiff's claim is not time-barred.

## B. SECTION 1981

■ "Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. at 462, 95 S.Ct. at 1721. In other words, "[t]he applicable period of limitations is derived from that which the State would apply if the action had been brought in a state court." *Id.* at 469, 95 S.Ct. at 1724 (Marshall, J., concurring in part and dissenting in part). In this case, the plaintiff's claims of employment discrimination under § 1981 are identical to those presented under the DCHRA. Once the one-year period was extended to actions at law under *Davis*, it became applicable to actions at law under § 1981 as the most analogous limitations period.

Previous decisions have held that the general residuary statute of limitations would apply. D.C.Code § 12–301(8).[3] The first case to so hold, *Macklin v. Spector Freight Systems, Inc.*, 478 F.2d 979 (D.C. Cir.1973), was decided prior to the enactment of any specifically analogous limitations period under District of Columbia law. After the enactment of the DCHRA, the United States Court of Appeals for the District of Columbia Circuit noted that the three-year residuary limitations period applied to § 1981, but it did so without explicit consideration of the DCHRA. *Gordon v. National Youth Work Alliance*, 675 F.2d 356, 358 n. 1 (D.C.Cir.1982).

On the district court level, two judges have held that the general three-year limitation period applied. In the first case, Judge Flannery rejected the trend of authority in other jurisdictions and declined to apply the one-year period. *Jones v. Management Partnership, Inc.*, 32 FEP at 641. The decision was based on a New York case, *Seymore v. Reader's Digest Ass'n, Inc.*, 493 F.Supp. 257 (S.D.N.Y. 1980). This Court respectfully concludes that such reliance was inappropriate. While the New York court could characterize the one-year period found in their local statute as part of a "comprehensive administrative scheme" and therefore inapplicable to the judicial remedy of § 1981, the one-year period of the DCHRA already has been held to apply to the DCHRA's judicial remedy, which is a remedial measure not available in New York. Furthermore, the New York court distinguished its local statute as dealing only with employment discrimination, in contrast to the broader purposes of § 1981. *Id.* at 266. Here, the DCHRA's measures extend beyond employment discrimination in § 1–2512, to real estate transactions in § 1–2515, to public accommodations in § 1–2519, and to educational institutions in § 1–2520.

The next opinions, written by Judge June L. Green, adopted Judge Flannery's reasoning. *See Hughes v. Chesapeake & Potomac Telephone Co.*, 583 F.Supp. 66 (D.D.C. 1983); *Covert v. Washington Hilton Hotel*, 33 FEP Cases 660 (D.D.C.1983). For the same reasons, this Court respectfully concludes that those decisions are not persuasive.

---

was considered decisive in ruling against tolling the statute for a § 1981 claim raised long after a Title VII claim was brought for administrative resolution. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465–66, 95 S.Ct. 1716, 1722–23, 44 L.Ed.2d 295 (1975).

**3.** Section 12–301 provides in pertinent part:

Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:

\* \* \* \* \* \*

(8) for which a limitation is not otherwise specially prescribed—3 years; . . .

One judge on this court has taken the contrary view. In *Parker v. B & O Railroad Co.*, 555 F.Supp. 1182, 1187–88 (D.D. C.1983), decided immediately after the District of Columbia Court of Appeal's opinion in *Davis v. Potomac Electric Power Co.*, Judge Harold Greene found that the one-year period should apply to § 1981 once it had been held applicable to judicial proceedings under the DCHRA. The trend of authority in other jurisdictions has been to apply the limitations period of state antidiscrimination statutes to Civil Rights Act claims rather than general limitation statutes.[4] This is in keeping with the Supreme Court's opinion in *Runyon v. McCrary*, 427 U.S. 160, 180, 96 S.Ct. 2586, 2599, 49 L.Ed.2d 415 (1976), which implied that the limitation period of a state statute which specifically governed civil rights suits should apply, rather than a more general provision.

Finally, in the Supreme Court's most recent consideration of the applicable state statute of limitations period for § 1981, it was held that Maryland's general three-year statute of limitations, rather than its six-month provision for filing administrative complaints, governs § 1981 claims in Maryland. *See Burnett v. Grattan,* —— U.S. ——, 104 S.Ct. 2924, 2933, 82 L.Ed.2d 36 (1984). That decision, however, explicitly was based on the lack of a private cause of action under Maryland law and the inherent differences between administrative actions and actions at law. Once the District of Columbia Court of Appeals held that a one-year period is proper for both types of action, the differences which were present in *Burnett v. Grattan* no longer may be deemed to be controlling.

Thus, this Court concludes that the plaintiff's § 1981 claim, like her DCHRA claim, is subject to the local one-year statute of limitations. In contrast to the tolling of the statute of limitations to which the plaintiff is entitled for her DCHRA claim pending her administrative proceeding, her § 1981 claim is not subject to tolling. In *Johnson v. Railway Express Agency, Inc., supra,* the Supreme Court held that the plaintiff's untimely filed § 1981 claims were time-barred despite the timely filing of a Title VII complaint based on the same facts. The Court found that the plaintiff had slept on his § 1981 rights since he could have filed his § 1981 action at any time after his cause of action accrued, it being a remedy separate and independent of Title VII. 421 U.S. at 466, 95 S.Ct. at 1723. Section 1981 is similarly separate from the DCHRA and, unlike the judicial remedy provided in the DCHRA, a claim under it could have been filed at any time and could be pursued concomitantly with the administrative remedy under DCHRA. Therefore, the plaintiff's § 1981 claim is time-barred.

## III. PENDENT JURISDICTION AND RIGHT TO A JURY TRIAL

On January 25, 1985, the plaintiff's motion for leave to amend the complaint was granted, thereby adding 28 U.S.C. § 1332 as an independent jurisdictional basis (diversity) for the plaintiff's common law breach of contract claim. Therefore, the case will go forward on this claim as well as on the claims under Title VII and the DCHRA. Pendent jurisdiction over the state law claims need not be exercised.

 Common law claims for breach of contract carry with them a right to a jury trial. *See Eller v. Houston's Restaurants,* 35 FEP Cases 1801, 1802 (D.D.C.1984). The plaintiff is entitled to a jury trial on this claim.

## CONCLUSION

The plaintiff's claim under the DCHRA is not time-barred. Her claim under § 1981

---

4. *See Burns v. Sullivan,* 619 F.2d 99, 105–07 (1st Cir.), *cert. denied,* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980); *Erdmann v. Board of Education,* 541 F.Supp. 388, 395 (D.N.J.1982); *Davis v. Sears, Roebuck & Co.,* 29 FEP Cases 1341, 1344 (D.Mass.1982), *aff'd,* 708 F.2d 862 (1st Cir. 1983); *Lay v. Bethlehem Steel,* 542 F.Supp. 9, 10 (D.Md.), *aff'd,* 681 F.2d 814 (4th Cir.1982); *Brice v. Crown Cork & Seal Co.,* 28 FEP Cases 1821, 1822 (D.Md.1982); *McGill v. General Electric Co.,* 524 F.Supp. 1126, 1128–29 (D.Md.1981).

must be dismissed as untimely. Diversity jurisdiction has been established for the plaintiff's claims under the DCHRA and the common law of the District of Columbia. Therefore, there is an independent basis for a jury trial.

In accordance with the foregoing and upon consideration of the defendant's motion to strike jury demand, the opposition thereto, the supplemental memoranda, and the plaintiff's amended complaint, it hereby is

ORDERED, that the motion is denied. It hereby further is

ORDERED, that the plaintiff's claim under 42 U.S.C. § 1981 is dismissed.

SO ORDERED.