Phillip E. PENDER, Plaintiff,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION, Defendant.

Civ. A. No. 85–1833.

United States District Court,
District of Columbia.

Nov. 14, 1985.

H. Vincent McKnight, Jr., Washington, D.C., for plaintiff.

Theodore M. Kerrine, Sally D. Garr, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

The Court has before it defendant's motion to dismiss the complaint, plaintiff's opposition, replies filed by plaintiff and defendant and defendant's motion for security for costs. For reasons stated below, the Court determines that the complaint should be dismissed and the motion for security for costs dismissed as moot.

### The Complaint

Plaintiff, a black man, was employed by defendant as an Assistant Train Director responsible for directing train traffic in and out of Union Station. On March 21, 1984 plaintiff's supervisor instructed him to take a track out of service to permit workmen to do maintenance and repair work. Plaintiff failed to do so and a train advanced onto the track where workers were eating lunch but the workers were able to move out of the way in time to avert injury. Plaintiff was immediately suspended. After a hearing conducted by the company plaintiff was disqualified from working as an Assistant Train Director, and demoted to a position in another department at lower pay on April 25, 1984. Plaintiff's suspension and demotion was unsuccessfully appealed by his union. Plaintiff did not pursue an appeal to the National Railroad Adjustment Board (NRAB). Plaintiff filed this action on June 5, 1985.

In Count I plaintiff alleges that defendant discriminated against him in violation of 42 U.S.C. § 1981 because at least two white employees who committed the same error were never suspended or demoted. In Count II plaintiff alleges that defendant inflicted emotional distress upon him by suspending and demoting him and by conducting the hearing on plaintiff's demotion in a manner which prevented his representatives from presenting the unfairness of defendant's treatment.

Defendant maintains that the complaint must be dismissed because plaintiff's claims are preempted by The Railway Labor Act and barred by the applicable statute of limitations. We discuss each of these contentions in turn.

### I. Preemption of § 1981 Action by the Railway Labor Act.

The exclusive remedy for wrongful discharge or other minor disputes under a railroad collective bargaining agreement is the federal dispute settlement procedures provided by the Railway Labor Act, which provides for an appeal to the NRAB and limited judicial review of the NRAB's decision. 45 U.S.C. § 153; *Union Pacific Railroad v. Sheehan*, 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978); *Andrews v. Louisville & Nashville Railroad Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). The Supreme Court has left open the question of whether railroad employees must exhaust their administrative remedies under the act before bringing a § 1981 claim against their employer. *Johnson v. Railway Express Agency*, 421 U.S. 454, 457 n. 3, 95 S.Ct. 1716, 1718 n. 3, 44 L.Ed.2d 295 (1975).

The Court rejects defendant's argument that the Railway Labor Act requires exhaustion and preemption, and holds that the Act does not prevent railway employees from bringing civil rights suits under § 1981. The purpose of vesting the NRAB with exclusive jurisdiction over disputes which arise out of a collective bargaining agreement or are so closely related that there is a realistic threat that concurrent state court jurisdiction would interfere with the federal regulatory scheme is to create a single administrative forum for resolving collective bargaining disputes. *Union Pacific*, 439 U.S. at 94, 99 S.Ct. at

402; *Andrews*, 406 U.S. at 324, 92 S.Ct. at 1565; *Farmer v. United States Brotherhood of Carpenters & Joiners of America*, 430 U.S. 290, 305, 97 S.Ct. 1056, 1066, 51 L.Ed.2d 338 (1977). However, railway employees' federal statutory remedy for violations of § 1981 is independent of their collective bargaining rights. The preemption of this civil rights remedy cannot lightly be assumed. Even the closely analogous remedies provided under Title VII do not preempt or restrict this independent remedy for discrimination in employment. *Johnson v. Railway Express*, 421 U.S. at 460, 95 S.Ct. at 1720. There is no basis for concluding that the collective bargaining remedies provided by the Railway Labor Act should do so.

Moreover, courts have repeatedly emphasized that statutory civil rights employment remedies supplement existing remedies under employment statutes and collective bargaining agreements. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–48, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1973); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 445 (D.C.Cir.1976), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). In addition, employees need not exhaust administrative remedies under a collective bargaining agreement or federal labor laws before bringing a civil rights action—even if the collective bargaining grievance procedure provides a remedy for discrimination. *See Alexander*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147; *Guerra v. Manchester Terminal Corp.*, 498 F.2d 641, 658, *rehearing denied*, 503 F.2d 567 (5th Cir.1974) (interpreting National Labor Relations Act). "Both rights have legally independent origins and are equally available to the aggrieved employee." 415 U.S. at 52, 94 S.Ct. at 1022. The same principles apply to the Railway Labor Act, which does not indicate any Congressional intent to preempt or alter the remedies created by federal civil rights statutes. The Court concludes that § 1981 provides a parallel and overlapping cause of action, with its own procedures and remedies, which is not displaced by the Railway Labor Act.

## II. Statute of Limitations for § 1981.

 Since Congress provided no statute of limitations for § 1981 actions, federal courts must adopt an appropriate limitations period from local law. 42 U.S.C. § 1988; *Johnson v. Railway Express*, 421 U.S. at 462, 95 S.Ct. at 1721. Defendant argues that a one-year period of limitations applies because plaintiff's allegations essentially state a cause of action for intentional infliction of emotional distress that is much like the intentional torts enumerated in D.C.Code § 12–301(4), which provides for a one year period of limitations. *Hanock Tel-Oren v. Libyan Arab Republic*, 517 F.Supp. 542, 550 (D.D.C.1981). Moreover, defendant argues, plaintiff's allegations are directly analogous to the District of Columbia's Human Rights Law which also provides a one year limitations period. *Davis v. Potomac Electric and Power Co.*, 449 A.2d 278 (D.C.App.1982).

Whatever the merits of defendant's conclusion, defendant's analysis of how to select the appropriate statute of limitations is incorrect in light of the Supreme Court's decision in *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In analyzing the "appropriate" local limitations period for § 1983 claims the Court stated that predicating "the choice of the correct statute on an analysis of each claim ... inevitably breeds uncertainty and time consuming litigation that is foreign to the central purposes of § 1983 ... Moreover, under such an approach different statutes of limitations would be applied to the the various § 1983 claims arising in the same State, and multiple periods of limitations would often apply to the same case." 105 S.Ct. at 1945–46. (footnotes omitted). Instead, the Court concluded that 42 U.S.C. § 1988 "is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims." 105 S.Ct. at 1947. A single, uniform limitations period for all causes of action brought under § 1983 serves the federal interests in uniformity, certainty, and minimization of unnecessary litigation. This approach to § 1988 applies to choosing

the appropriate limitations period for § 1981 claims as well.

Initially, the Court finds that the statute of limitations for § 1981 actions need not be the same as that for actions under § 1983 or other Reconstruction civil rights statutes. *See Burnett v. Grattan*, 468 U.S. 42, —— n. 11, 104 S.Ct. 2924, 2929 n. 11, 82 L.Ed.2d 36 (1984) (deciding not to address the issue). Uniformity and certainty do not require that all § 1981 and § 1983 actions be governed by one limitation period. These statutes were passed at different times and seek to remedy different types of civil rights violations. Section 1981 prohibits racial discrimination by public officials or private individuals in specific activities, such as making contracts and bringing suit. In contrast, § 1983 only applies to state actors, but addresses "deprivation of any rights, privileges or immunities secured by the Constitution and laws." 42 U.S.C. § 1981. The Supreme Court's analysis in *Wilson* implies that § 1983 is to be separately analyzed in choosing the most appropriate statute. Unlike § 1983, the remedies established by § 1981 are not "more analogous to tort claims for personal injury than, for example, to claims for damages to property or breach of contract." *Wilson*, 105 S.Ct. at 1948.

Applying the analysis in *Wilson* to § 1981 indicates that a one-year limitations period is appropriate. The causes of action that may be brought under § 1981 are most analogous to breach of contract actions, employment grievances, and complaints for denial of the right to use public accomodations. The most appropriate local cause of action from which to adopt a single limitations period for these actions is the District of Columbia Human Rights Act. D.C.Code §§ 1–2501—1–2557. That statute provides for private civil causes of action for discrimination in employment, *id.* § 1–2512, discrimination in real estate transactions, *id.* § 1–2515, acts of discrimination by brokers or salesmen, *id.* § 1–2517, and discriminatory practices in public accommodations and educational institutions, *id.* §§ 1–2519, 1–2520. These remedies substantially overlap or duplicate the remedies provided by § 1981. In setting the one year limitation period for the Human Rights Act the local legislature necessarily took "into account the practicalities that are involved in litigating federal rights claims and policies that are analogous to the goals of the Civil Rights Acts." *Burnett v. Grattan*, 468 U.S. at ——, 104 S.Ct. at 2930 (1984). Adopting the one-year limitations period for Human Rights Act actions as the appropriate local limitations period is in accord with prior decisions of this Court. *Foster v. National Railroad Passenger Corp.*, 610 F.Supp. 881 (D.D.C. 1985); *Blake v. American College of Obstetricians and Gynecologists*, 608 F.Supp. 1239, 1242–1243 (1985); *Parker v. B & O Railroad Co.*, 555 F.Supp. 1182, 1187 (1983).

 Plaintiff's contention that the one-year limitations period of the Human Rights Act is inappropriate because the same limitations period applies to administrative remedies under the statute is without merit. Court actions under the statute, involving all the practical difficulties and burdens involved in § 1981 litigation, are subject to the one-year limitations period. *See Burnett*, 468 U.S. at ——, 104 S.Ct. at ——. The presence of a less burdensome, parallel administrative remedy with the same limitations period does not make adopting the time period for judicial actions inappropriate. Plaintiff's argument that his demotion involves a "continuing violation" is also without merit. The continuing impact of his demotion over a year ago does not establish the present violation necessary to avoid the statute of limitations. *See United Air Lines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

Accordingly, plaintiff's § 1981 claim must be dismissed as barred by the one-year limitations period.

### III. Emotional Distress Claims.

Plaintiff's complaint, at best, only invokes the federal question jurisdiction of the Court for actions brought under § 1981. Since his federal claims have been dismissed before trial his pendent state common law claims should also be dismissed at this stage.

256

Moreover, plaintiff's allegations fail to state a claim upon which relief can be granted. The allegation that plaintiff's demotion was discriminatory because white employees were treated differently, absent any indication of harassment or outrageous conduct, fails to state a claim for intentional infliction of emotional distress. *See Howard University v. Best*, 484 A.2d 958 (D.C.App.1984). His allegation that the hearing on his demotion was improperly conducted is merely a challenge to the adequacy of remedies provided under the Railway Labor Act, which plaintiff did not pursue, and is under the exclusive jurisdiction of the NRAB. Plaintiff's claim is not independent of the collective bargaining agreement since the demotion and plaintiff's right to a proper hearing are governed by the agreement and the federal statutory scheme. *See Farmer*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338; *Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367, 1369 (9th Cir.1978), *cert. denied*, 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978).

Accordingly, plaintiff's complaint shall be dismissed in its entirety. Each side shall bear its own costs. Defendant's motion for security for costs is dismissed as moot. An appropriate order is filed contemporaneous with this memorandum.