Tanya DESKINS, Plaintiff,

v.

Marion BARRY, et al., Defendants.

Civ. A. No. 87–2743 SSH.

United States District Court, District of Columbia.

Dec. 4, 1989.

Robert Cadeaux, Frederic W. Schwartz, Jr., Washington, D.C., for plaintiff.

George C. Valentine, Jr., Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion to dismiss or in the alternative for summary judgment. Upon consideration of defendants' motion, plaintiff's opposition, defendants' reply, and the entire record herein, defendants' motion is granted in part and denied in part.

### Background

Plaintiff is a black female who was employed by the District of Columbia Fire Department (DCFD) as a fire fighter. She alleges that during her training and probationary period she was sexually harassed by her co-workers and superiors, and that she was discriminated against because of her race and sex. She filed a complaint of discrimination with the District of Colum-

**2**

bia Office of Human Rights (OHR) and sought medical treatment. Plaintiff also contends that defendants discriminated against her because she filed an action with the OHR. Plaintiff filed this action on October 7, 1987.

### Title VII Claim

■ Plaintiff's attorney received a right to sue letter from the EEOC on July 2, 1987.[1] It was delivered by certified mail addressed to plaintiff in care of her then-attorney, Keith B. Grimes. Grimes signed for the letter. However, Grimes did not file a complaint on plaintiff's behalf until October 7, 1987, 96 days after receipt of the right to sue letter. Defendants claim that because plaintiff filed her complaint six days late, her Title VII claim should be dismissed. Plaintiff argues that the time should be tolled. Plaintiff bases her argument on the fact that her attorney never advised her that the right to sue letter had been received, and thus the requirements of the statute were not met. 42 U.S.C. § 2000e–5(f)(1). She further asserts that the Court should allow equitable tolling in this case, since she had to discharge her attorney and obtain new counsel after Grimes failed to properly represent her in this case. The Court notes that the 90–day filing period is subject to equitable tolling in this Circuit in some instances. *See Gordon v. National Youth Work Alliance*, 675 F.2d 356 (D.C.Cir.1982). However, it is also clear that absent compelling circumstances, notice sent to a party's attorney imputes notice to the party. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Josiah–Faeduwor v. Communications Satellite Corp.* 785 F.2d 344 (D.C.Cir. 1986). Plaintiff has failed to meet any special exception which would justify equitable tolling.[2] Accordingly, her Title VII claim is time-barred.

1. That letter stated that the EEOC did not look into the merits of her claim as she had filed the charge with the EEOC more than 180 days after the complained of actions. However, it gave the plaintiff notice of the right to sue within 90 days of receipt of the letter.

### §§ 1981 and 1983 Claims

■ Plaintiff cites alleged incidents dating from August 22, 1982, in which her white male colleagues openly displayed pornographic materials and made lewd comments and gestures to her, to early 1984, when she alleges she was denied certain positions, which she claims violate § 1981, § 1983, and the District of Columbia Human Rights Act (HRA). Defendants argue that because plaintiff's complaint fails to allege an incident which occurred within three years of the date on which the lawsuit was filed, plaintiff's § 1981 and § 1983 claims are time-barred. Plaintiff makes two arguments: (1) that plaintiff's filing with the OHR tolled the statute of limitations; and (2) that the "discriminations and other practices alleged were of a continuing nature." Plaintiff's Opposition at 4.

Section 1–2512 of the HRA prohibits discrimination in employment for any meritless reason, including race, color, sex, age, marital status, sexual orientation, and family responsibility. *See* D.C.Code § 1–2501 *et seq.* Section 1–2543 states that the Mayor shall establish rules of procedure for the investigation and hearing of complaints filed against District government agencies, officials, and employees alleging violations of the HRA. Complaints based on the HRA must be filed with the OHR within one year of the occurrence of the allegedly unlawful discriminatory practice. D.C. Code § 1–2544. In addition to establishing the right to bring an action before the OHR, § 1–2556 states that "any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate...."

It has been held, however, that this private right of action is available only to non-District of Columbia government employees. *Newman v. District of Columbia*, 518 A.2d 698 (D.C.1986); *Williams v.*

2. Plaintiff merely alleges that "Mr. Grimes either failed to read the letter or was subject to some psychological or other impediment." Opposition at 2.

*District of Columbia,* 467 A.2d 140 (D.C. 1983). Therefore, District of Columbia employees must exhaust their administrative remedies before seeking judicial review. If they exhaust their remedies under the HRA, then they may seek review under § 1–2554 which allows for review of the Human Rights Commission's decision by the District of Columbia Court of Appeals. D.C.Code § 1–2554.

Plaintiff argues that because D.C. employees do not have a private right of action, she is prevented from bringing her § 1981 and § 1983 actions until she has exhausted her state administrative remedies. Accordingly, plaintiff argues that her § 1981 and § 1983 claims were tolled until she exhausted her administrative action.

The Supreme Court has stated that the exhaustion of state administrative remedies is not a prerequisite to the bringing of a civil rights action. *See, e.g., Patsy v. Board of Regents of the State of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); *Gilliam v. City of Omaha,* 459 F.2d 63 (8th Cir.1972); *Blake v. American College of Obstetricians and Gynecologists,* 608 F.Supp. 1239 (D.D.C.1985); *Bradley v. Rockland County Community Mental Health Center,* 24 Empl.Prac. Dec. 31,321 (S.D.N.Y.1980); *Fizer v. Adams,* No. 78 C 5042, slip op. (N.D.Ill.1979). Since exhaustion is not a prerequisite to the initiation of a federal claim premised on § 1981 and § 1983, plaintiff cannot toll the three-year statute of limitations. Accordingly, her federal causes of action under § 1981 and § 1983 are barred by the statute of limitations.

▪ Plaintiff further argues that the discrimination against her was of a continuing nature; therefore, her § 1981 and § 1983 causes of actions should not be barred. Plaintiff submits one sentence to substantiate this argument and supplies the Court with two exhibits. One of the exhibits is a memorandum sent to Theodore Coleman, the Fire Chief, from the defendant, dated September 4, 1985. This memorandum describes an argument plaintiff had with fire fighter T.J. Potter, who was working at the watch desk on August 28, 1985. Allegedly, after not responding to plaintiff's request that he page the on-duty Engine Officer, Potter stated "Look Babs, I don't have to take your s—t!" Plaintiff responded in kind, and an argument ensued. Plaintiff alleges that Chief Johnson was present during this incident and that his failure to reprimand Potter or get involved was an example of continuing discrimination.

Plaintiff's second exhibit, also submitted to demonstrate continuing discrimination, was a letter from Jack Raher, M.D., to Chief Edward Sharpe about plaintiff's fitness for full duty status. Plaintiff wanted to apply for a position with the Fire Marshall's office. In the memorandum, Dr. Raher stated that because working in the Fire Marshall's office would be comparable to the work she was presently doing, he did not have an objection to such a change. He also stated that he felt that plaintiff was still not able to function adequately as a full-fledged fire fighter.

▪ Other than submitting those two exhibits, plaintiff does not provide the Court with any tie between the exhibits and her continuing discrimination argument. Furthermore, plaintiff does not refute the factual assertations made by the defendants. Where a non-moving party bears the burden of proof at trial on a dispositive issue, the non-moving party must go beyond the pleadings to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Plaintiff's exhibits, standing by themselves, do not meet this burden.[3]

---

3. The continuing discrimination theory is generally used in Title VII claims. In order to establish a pattern of continuing discrimination under Title VII, one must show:

  a series of related acts, one or more of which falls within the limitation period, or the maintenance of a discriminatory system both before and during the [limitation] period....

*Valentino v. U.S. Postal Service,* 674 F.2d 56, 65 (D.C.Cir.1982) (quoting B. Schlie & P. Grossman, *Employment Discrimination Law* 232 (2d 1979)). To be considered continuing in nature, "the discrimination may not be 'limited to iso-

4

### Intentional Infliction of Emotional Distress

Plaintiff also alleges a claim for intentional infliction of emotional distress. Claims for intentional infliction of emotional distress are subject to a one-year statute of limitations. D.C.Code § 12–301. Defendants have moved to dismiss based on the fact that none of the acts complained of occurred within one year of the filing of this case. Plaintiff has not contested this aspect of the motion. Accordingly, plaintiff's emotional distress claim is dismissed.

### D.C. Human Rights Act Claim

Defendants moved to dismiss plaintiff's claims under the HRA as barred. Defendants subsequently withdrew that argument.[4] Defendants' Reply at 11. However, defendants correctly point out that the Court's role under the HRA, when the plaintiff is a District employee, is limited to judicial review of the underlying OHR decision. *See* D.C.Code § 1–2554.

The only issue remaining before the Court, then, is whether the Court has jurisdiction to hear the appeal of the OHR decision. Plaintiff's HRA claims were brought before the Court on pendent jurisdiction. However, the HRA provides for judicial review only in the District of Columbia Court of Appeals. In addition, there is nothing in the pleadings which informs the Court of plaintiff's current administrative position. It appears, based on plaintiff's opposition, that she was successful in her OHR claim; however, defendants notified the Court that the OHR decision was appealed to the City Administrator and that no final decision on the appeal had been made. Accordingly, the Court does not grant defendants' motion as to plaintiff's

HRA claim. The Court instead directs the parties to address this issue and to notify the Court of the status of plaintiff's administrative action within 14 days of the date of this decision.

An appropriate Order accompanies this Memorandum Opinion.

---

lated incidents but [must] pervade[ ] a series or pattern of events which continue to [discriminate] within' the filing period." *Milton v. Weinberger,* 645 F.2d 1070 (D.C.Cir.1981) (quoting *Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 473 (D.C.Cir.1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978)).

**4.** There appears to be some conflict over whether a complaint filed with the OHR tolls an independent action. This District has allowed the independent action to be tolled in certain

circumstances. *See Jones v. Management Partnership, Inc.,* 32 Fair Empl.Prac.Cas. (BNA) 639, 640 (D.D.C.1983); *Blake v. American College of Obstetricians & Gynecologists,* 608 F.Supp. 1239 (D.D.C.1985); *Weaver v. Gross,* 40 Empl.Prac. Dec. (CCH) Para. 36,446, 1986 WL 7553 (D.D.C. 1986). However, a recent decision of the District of Columbia Court of Appeals held to the contrary. *Anderson v. U.S. Safe Deposit,* 552 A.2d 859 (D.C.1989). The Court will not attempt to reconcile these cases at this time since defendants have withdrawn their argument.