Robert C. HEMPHILL, Jr., Appellant,

v.

G. Kemp MELTON, Sheriff of Kanawha County, Appellee.

No. 76–2033.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 18, 1977.

Decided March 14, 1977.

Joyce R. Branda The Legal Services Clinic and Steven D. Frenkil, Third Year Law Student (Michael S. Elder and Michael A. Millemann, Baltimore, Md., The Legal Services Clinic, on brief), for appellant.

Frederic J. George, Asst. Atty. Gen., Charleston, W.Va. (Chauncey H. Browning, Jr., Atty. Gen., Charleston W.Va., on brief), for appellee.

Before WINTER and BUTZNER, Circuit Judges, and GLEN M. WILLIAMS, District Judge for the Western District of Virginia, sitting by designation.

PER CURIAM:

Robert C. Hemphill, Jr., initiated this civil action in the federal district court by requesting a temporary restraining order to prevent the sheriff of Kanawha County, West Virginia, from hiring any more deputies until the percentage of nonminority-race deputies on his staff was proportionate to the racial mixture of the general population. The district court did not require a response from the defendant sheriff, but referred Hemphill's petition to a magistrate to recommend whether Hemphill's request to proceed *in forma pauperis* should be granted. Upon the receipt of an unfavorable recommendation from the magistrate, the court dismissed the case for failure to state a claim for which relief could be granted and refused Hemphill permission to appeal *in forma pauperis*.

Liberal interpretation of Hemphill's very sketchy *pro se* complaint suggests that he is alleging that he has been denied employment as a deputy because the county's testing-certification procedure for deputy position applicants discriminates against minority-race applicants.* His only

---

* The hiring of deputy sheriffs has been governed by statute in West Virginia since 1971. In each county with a population of more than 25,000, a civil service commission periodically conducts competitive examinations. Whenever the sheriff has a prospective vacancy, he notifies the commission which gives him the names of three individuals who received the best scores on the examinations during the three years prior to the date that the vacancy is to be filled. The sheriff fills the vacancy from the names given to him by the commission, although in some instances he may obtain additional names if one or more of the original three must be disqualified. W.Va.Code § 7–14–11.

Hemphill alleged that he, and other black applicants, scored among the top one-half of those taking the examination. He has not claimed to have been among the top three applicants.

allegation in support of this claim of discrimination is that the racial make-up of the present staff of deputies does not reflect that of the general population. Although racially disproportionate impact may not alone be sufficient to invalidate testing procedures on equal protection and due process grounds, allegation of such impact may well state a cause of action under Title VII of the Civil Rights Act of 1964. *See Washington v. Davis,* 426 U.S. 229, 238–48, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Thus, it cannot be said that Hemphill's petition indicated that he could prove no circumstances which would entitle him to relief on his claim. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). On remand, the district court should permit the defendant to respond to Hemphill's petition and allow Hemphill to clarify his complaint if the court deems such clarification appropriate under Fed.R.Civ.P. 15.

Inasmuch as the law concerning referrals to magistrates was amended after the district court entered its judgment, we find it unnecessary to consider Hemphill's complaint that the court did not comply with the statute in effect at the time it referred this case to a magistrate. On remand, referral will be governed by 28 U.S.C. § 636, *as amended by* Act of Oct. 21, 1976, Pub. L.No. 94–577, 90 Stat. 2729. The amended section requires that the parties must be furnished copies of the magistrates report and afforded an opportunity to file objections.

Accordingly, leave to appeal *in forma pauperis* is granted; the judgment of the district court is vacated, and the case remanded for further proceedings.