**UNITED BLACK FIREFIGHTERS OF NORFOLK et al., Appellants,**

v.

**Julian F. HIRST et al., Appellees.**

No. 78–1543.

United States Court of Appeals, Fourth Circuit.

Argued April 3, 1979.

Decided Aug. 29, 1979.

Anthony W. Robinson, Baltimore, Md. (Singleton, Dashiell & Robinson, P. A., Kenneth L. Johnson of Johnson & Smith, P. A., Baltimore, Md., and James F. Gay, Norfolk, Va., on the briefs), for appellants.

Harold P. Juren, Norfolk, Va. (Philip R. Trapani, City Atty., R. Barrow Blackwell, Asst. City Atty., Norfolk, Va., on the brief), for appellees.

Before HAYNSWORTH, Chief Judge, BREITENSTEIN *, Senior Circuit Judge, and RUSSELL, Circuit Judge.

BREITENSTEIN, Circuit Judge:

This race discrimination suit asserts violations of 42 U.S.C. §§ 1981, 1983, and 2000e et seq. by various officials of the City of Norfolk, Virginia. The appeal attacks the dismissal of the amended complaint. We affirm in part and reverse in part.

The individual plaintiffs-appellants consist of two groups. The first includes unsuccessful applicants for employment with the Norfolk Fire Department, and the second is composed of employees of that Department. Each group alleges class representation. The other plaintiff-appellant is United Black Firefighters of Norfolk, an unincorporated association organized to protect the rights of its members.

Defendants-appellees are the City's Mayor, Director of Personnel, Fire Chief and City Manager, and the members of Norfolk's Civil Service Commission and City Council. The original complaint, filed December 5, 1977, in general and conclusory terms attacks the pre-employment and post-employment practices of Norfolk's Fire Department.

Defendants moved to dismiss and for partial summary judgment with supporting exhibits and affidavits. In opposing the motions the plaintiffs presented briefs and affidavits. After a hearing, the trial court dismissed the Mayor and members of the City Council as defendants and United Black Firefighters as a plaintiff. The court postponed ruling on other raised issues and ordered plaintiffs to file an amended complaint alleging specific discriminatory acts and the approximate dates of occurrence.

* Senior Circuit Judge for the Tenth Circuit, Sitting by Designation.

The amended complaint, filed March 24, 1978 retained as parties those whom the court had previously dismissed. Defendants moved to dismiss on the following grounds, (1) the dismissed parties were improperly rejoined, (2) noncompliance with the court's order to allege specific acts and dates, and (3) failure to state a claim on which relief could be granted. Plaintiffs did not respond to the motion although they were given adequate notice, and opportunity. The motion to dismiss was granted on May 25, 1978.

At the hearing on the motion to dismiss the amended complaint the Court had before it a number of affidavits submitted by the plaintiffs in their brief opposing the motion to dismiss. Affidavits were submitted by three of the named plaintiffs, Snead, Eley and Johnson, and others. Defendants also submitted affidavits. Because the trial court in its May 25, 1978 order granting the motion to dismiss had before it, and did not exclude, matters outside the pleadings, we treat the motion to dismiss as one for summary judgment. See Rule 12(b), F.R.Civ.P. For purposes of this appeal, we treat the grant of the motion as a judgment for the defendants.

Except in one respect, the original and amended complaints are substantially the same. In general and conclusory terms, both allege discrimination in recruiting, hiring, job classification, assignment, promotion, transfer, layoff, recall, discipline, discharge, benefits, training programs, compensation, testing, and conditions of employment. The original complaint had no allegations as to what particular acts, customs, practices or policies within these generic categories resulted in discrimination against plaintiffs. The exception is that the affidavits and amended complaint developed specific allegations as to three employees-plaintiffs' claims of discrimination in promotion.

*1—Dismissal of Parties.*

■ Plaintiffs joined the Mayor and City Council members on the allegation that they "enact laws governing the Fire De-

partment." The Norfolk City Charter provides that the Mayor has no legal status or power other than as a member of the City Council. The Council can only act collectively and may not interfere with the City Manager's administration of city services, including the Fire Department. The promulgation of Fire Department rules is the function of the Director of Public Safety and the Fire Chief. Rules and regulations respecting the employment selection and promotion process are the exclusive function of the City's Civil Service Commission. Charter of the City of Norfolk, 1918, as amended, §§ 9, 10, 14, 62 and 110 et seq., App. 24–32, 47–49.

Neither the original nor amended complaint alleges any misconduct of the Council or its members; and no claim is made that the Council can control, or interfere with, the employment practices of the Fire Department. The general assertion that the Council enacts laws affecting the Fire Department with no statement of how any such action discriminated against the plaintiffs is insufficient to state a cause of action under 42 U.S.C. §§ 1981, 1983 or 2000e. The Mayor and members of the City Council were properly dismissed as defendants. See *Leiman v. Fashion Institute of Technology,* D.N.Y., 441 F.Supp. 854, 857, and cases there cited.

■ With regard to Black Firefighters, an organizational plaintiff must demonstrate a personal stake in the outcome of the controversy. *Warth v. Seldin,* 422 U.S. 490, 515, 95 S.Ct. 2197, 45 L.Ed.2d 343 and *Sierra Club v. Morton,* 405 U.S. 727, 732, 92 S.Ct. 1361, 31 L.Ed.2d 636. This requirement may be satisfied by showing representation of members injured by the conduct under attack, *Sierra Club,* 405 U.S. at 739, 92 S.Ct. 1361, or protection of an interest of its own arguably within the zone of statutory protection, *United States v. SCRAP,* 412 U.S. 669, 686–690, 93 S.Ct. 2405, 37 L.Ed.2d 254.

The original complaint says that the Firefighters' interests "have been adversely affected and injured." The amended complaint alleges only that it is performing its

duty to its members by participating in the suit. Neither complaint alleges that any of the named plaintiffs are members of the organization or how the interests of the organization have been adversely affected. Firefighters failed to show the required stake in the outcome of the controversy. The court correctly dismissed Firefighters as a party plaintiff. See *National Urban League v. Office of Comptroller of Currency,* D.D.C., 78 F.R.D. 543, 546–547, and cases there cited.

### 2—*Claims under Title VII, 42 U.S.C. § 2000e et seq.*

The remaining named plaintiffs fall into two groups, applicants and employees. Each group will be discussed separately.

■ With regard to the applicants, a plaintiff in a civil action under Title VII must allege and prove filing of a timely charge of discrimination with the Equal Opportunity Commission together with receipt of, and action on, a statutory notice of his right to sue. 42 U.S.C. § 2000e–5(f)(1). Neither the complaint nor the amended complaint alleges that any of the applicants-plaintiffs complied with these prerequisites. They were not entitled to sue under Title VII, and their claims were properly dismissed. See *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147.

■ The employees-plaintiffs complied with the statutory requirements and properly invoked the court's jurisdiction under Title VII. The Memorandum Order of the court is silent on the reasons for dismissal of the employees-plaintiffs Title VII claims. Appellees say they were properly dismissed under Rule 41(b), F.R.Civ.P. for non-compliance with the court order to allege specific acts and dates in an amended complaint. In its dismissal order the court did not mention Rule 41(b) and did not say that it was dismissing for non-compliance with its order. We treat the dismissal as a grant of summary judgment, and we must look to the pleadings and affidavits to determine whether summary judgment was proper.

Three of the employees-plaintiffs, Snead, Eley and Johnson, filed affidavits in support of their claims. These reveal that the gravamen of their complaint is discrimination in promotion. Snead asserts discriminatory denials of promotions in 1969, 1971, and 1973. Defendants assert the bar of the statute of limitations, but the facts are not sufficiently developed to permit us to rule on the defense. Eley and Johnson assert discriminatory denials of promotions in May and June, 1976 respectively. The affidavits state in some detail the circumstances surrounding the denials. Snead, Eley, and Johnson adequately stated a claim under Title VII, and the court erred in dismissing that portion of their complaint. See *Garber v. Saxon Business Products, Inc.,* 4 Cir., 552 F.2d 1032. With regard to Mitchell, the two complaints and the affidavits contain no allegations of discriminatory açts, practices, or customs affecting him, and his claim was properly dismissed. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; see *Lusk v. Eastern Products Corp.,* 4 Cir., 427 F.2d 705.

### 3—*Claims under §§ 1981 and 1983.*

Neither the court nor the parties distinguish the pleading requirements for Title VII, § 1981, and § 1983 claims. The trial court dismissed the § 1981 and § 1983 claims because of failure to allege specific acts, dates, and discriminatory intent.

■ Dismissal was proper as to the applicants-plaintiffs and the employee-plaintiff Mitchell. Their conclusory allegations of discrimination were not supported by any reference to particular acts, practices, or policies of the Fire Department. They failed to state a claim under Rule 8(a)(2), F.R.Civ.P. *Conley v. Gibson,* supra; *Lusk v. Eastern Products Corp.,* supra.

■ Plaintiffs Snead, Eley and Johnson sufficiently supported their allegations with pertinent facts. The difficult question is the need to allege discriminatory intent in a § 1981 action. In *Washington v. Davis,* 426 U.S. 229, 245, 96 S.Ct. 2040, 48 L.Ed.2d 597, the Court held that proof of discriminatory intent was required to show an equal pro-

tection violation. In that case the plaintiffs also asserted a § 1981 claim but the Court did not address that statute.

The circuits are unsettled on the effect of *Washington v. Davis* on § 1981 actions. *Davis v. County of Los Angeles,* 9 Cir., 566 F.2d 1334, 1338–1341, holds that discriminatory intent is not required to establish a § 1981 violation. The Supreme Court granted certiorari in *Davis,* 437 U.S. 903, 98 S.Ct. 3087, 57 L.Ed.2d 1132, and then dismissed the case as moot. *County of Los Angeles v. Davis,* 439 U.S. 986, 99 S.Ct. 1379, 59 L.Ed. 642. On the other side of the coin, *Johnson v. Hoffman,* E.D.Mo., 424 F.Supp. 490, aff'd, 8 Cir., 572 F.2d 1219, cert. den., 439 U.S. 986, 99 S.Ct. 579, 58 L.Ed.2d 658, holds that discriminatory intent is required to establish a § 1981 violation.

*Hemphill v. Melton,* 4 Cir., 551 F.2d 589, holds that an allegation of racially disproportionate impact states a cause of action under Title VII. The question is whether the same rule applies to a § 1981 claim. We do not read *Johnson v. Ryder Truck Lines, Inc.,* 4 Cir., 575 F.2d 471, 475, and *Sledge v. J. P. Stevens & Co., Inc.,* 4 Cir., 585 F.2d 625, 636, as holding that a plaintiff may maintain a § 1981 action without proof of discriminatory intent. The question is open in the Fourth Circuit and we decline to decide it on the unsatisfactory record presented to us. The three employees-plaintiffs assert racial motivation in denials of promotions. Although this is not an allegation of discriminatory intent, we believe that it suffices to state a claim under § 1981. *Bulls v. Holmes,* E.D.Va., 403 F.Supp. 475. *Washington v. Davis,* supra, refers to proof of discriminatory intent. We do not know whether such proof will be forthcoming in the instant case.

*Monroe v. Pape,* 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492, rev'd in part on other grounds, *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, held that the provision of the Civil Rights Act of 1871, now codified as § 1983, "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions." Courts have differed as to whether, under particular fact situations, this standard requires proof of discriminatory intent. Compare *Harrison v. Brooks,* 1 Cir., 446 F.2d 404, with *Whirl v. Kern,* 5 Cir., 407 F.2d 781, cert. den., 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177. The facts of this case are not sufficiently developed for this court to make any comment on the issue. For the purpose of stating a claim under § 1983, we believe that plaintiffs' allegations of racial motivation and state action are sufficient. *Bulls v. Holmes,* supra.

### 4—Class Action.

■ Relying on *East Texas Motor Freight v. Rodriguez,* 431 U.S. 395, 403–404, 97 S.Ct. 1891, 52 L.Ed.2d 453, the court dismissed the class action because "the named plaintiffs do not possess the same interest, nor complain of the same injury." *Rodriguez* does not discuss Rule 23(c)(4)(B), F.R.Civ.P., which permits a class to be divided into subclasses and each subclass treated as a class. Here we have two groups. The named applicants-plaintiffs do not state a substantive claim under §§ 1981, 1983, or 2000e either by pleading or affidavit. This fact distinguishes the instant case from *Goodman v. Schlesinger,* 4 Cir., 584 F.2d 1325, and *Cox v. Babcock & Wilcox Co.,* 4 Cir., 471 F.2d 13. So far as the applicants are concerned, the class action was properly rejected. Three named employees-plaintiffs have stated claims of discrimination in promotion. On remand the court should determine whether the employees-plaintiffs may represent as a class those who are similarly situated.

The judgment is reversed as to the dismissal of the promotion discrimination claims of Snead, Eley, and Johnson and of the class action. On remand, further proceedings shall be held in the light of this opinion. In all other respects the judgment is affirmed.

Each party shall bear his or their own costs in this court.