**Eartha M. HALL**

v.

**PRINCE GEORGE'S COUNTY, et al.**

**No. CIV.A. DKC 2001–1516.**

United States District Court,
D. Maryland.

March 14, 2002.

Warren L. Copeland, Law Office, Fort Washington, MD, for Plaintiff.

William A. Snoddy, Riverdale, MD, Shelly E. Mintz, Office of the Attorney General, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this action alleging delay and denial of Medicaid coverage is Defendants' motion to dismiss under Rule 12(b)(1) or (6). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.[1] For the following reasons, the motion to dis-miss will be granted as to the federal claims and the remaining state law claims will be dismissed without prejudice.

## I. Background

The following facts are alleged in the complaint by the Plaintiff. Plaintiff's complaint arises out of the delay or denial of Medicaid coverage. On August 1, 2000, Hall applied for Medical Assistance with the Prince George's County Social Service Department (PGSSD) on the ground that she was disabled. Emma Coles, an employee of PGSSD, requested medical records that had been submitted by Hall. Coles denied Hall's application for Medical Assistance on the incorrect ground that Hall had not submitted her medical records. In October 2001, Jane Foust, a Medical Assistance Appeals Officer of the PGSSD, contacted Hall and told Hall that she would assist her. Foust asked Hall to withdraw her appeal, based on Foust's assurances of assistance. Hall withdrew her appeal and on November 15, 2000, Foust asked Hall to send her Hall's medical bills and records. Hall contacted Foust to inquire about the status of her case and Foust told her she was able to go to the hospital and Medicaid would take care of the bills. Foust sent Hall a twenty dollar voucher and told her that her Medicaid card would be activated within weeks. Hall was denied medical services due to the fact that her card was not activated.

On January 10, 2001, Hall requested an administrative hearing because she believed that PGSSD failed to act on her request for Medical Assistance. On February 15, 2001, Hall cancelled eye surgery

---

1. Plaintiff filed a Motion for Leave of Court to file Addendum to Plaintiff's Motion to Deny the Defendant's Motion to Dismiss. The court construes the document to be a surreply due to its explicit reference to the Defendant's Reply memorandum and Plaintiff's admission in her response that it is a surreply. Unless otherwise ordered by the court, surreply memoranda are not permitted to be filed. *See* Local Rule 105.2(a). Therefore, the surreply will not be considered by the court.

because she was without medical coverage, resulting in permanent damage to her right eye. On February 23, 2001, the State Review Team found that Hall was disabled and eligible for Medical Assistance from August 1, 2000, the original date of her application for coverage. On March 1, 2001, Hall appeared at a hearing before an Administrative Law Judge where it was determined that the coverage would not be effective because Hall had not provided bills in excess of her Spend-down amount. This litigation followed.

## II. Standard of Review

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All that the Federal Rules of Civil Procedure require of a complaint is that it contain " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Comet Enters. Ltd. v. Air–A–Plane Corp.*, 128 F.3d 855, 860 (4th Cir.1997). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

In reviewing the complaint, the court accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir.1997). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir.1969). The court need not, however, accept unsupported legal conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979).

## III. Analysis

### A. Federal Claims

Defendants move to dismiss the claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988 (the federal claims) on a variety of bases: they argue that the Eleventh Amendment bars certain claims, that the absence of supervisory liability under § 1983 dooms other claims, that there is no valid claim for a denial of equal protection, and that, otherwise, the complaint fails to state a claim. In her opposition memorandum, Plaintiff refines her claims and now contends that she has stated due process and intentional infliction of emotional distress claims. All of her federal causes of action appear to be asserted under the Boren Amendment, 42 U.S.C. § 1396a(a)(13)(A), which, she argues, she is entitled to enforce as "an intended beneficiary of the medicaid program." Paper No. 21, p. 4.

Although Plaintiff refers to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 in Paragraph 1 of her complaint, all of her federal claims appear to be brought solely pursuant to 42 U.S.C. § 1983. Therefore, the court will disregard the Plaintiff's refer-

ences to §§ 1981, 1985, and 1986 and address her claims pursuant to § 1983.

■ Hall asserts that she is bringing this claim as an intended beneficiary of Medicare, asserting that her "due process was violated when she was denied reasonable access to medical treatment." Paper No. 21, p. 3. The Supreme Court has held that:

[a] determination that § 1983 is available to remedy a statutory or constitutional violation involves a two-step inquiry. First, the plaintiff must assert the violation of a federal right. See *Middlesex County Sewerage Authority v. National Sea Clammers Assn.*, 453 U.S. 1, 19, 101 S.Ct. 2615, 2625, 69 L.Ed.2d 435 (1981).... Second, even when the plaintiff has asserted a federal right, the defendant may show that Congress "specifically foreclosed a remedy under § 1983" *Smith v. Robinson*, 468 U.S. 992, 1005, n. 9, 104 S.Ct. 3457, 3464, n. 9, 82 L.Ed.2d 746 (1984).

*Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 106, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989). Because § 1983 does not apply generally to violations of federal law, but "speaks in terms of 'rights, privileges, or immunities,'" the court must first determine whether a federal right has been violated. *Golden State*, 493 U.S. at 106, 110 S.Ct. 444. The Court has looked at three factors to determine whether a statutory provision gives rise to a federal right:

First, Congress must have intended that the provision in question benefit the plaintiff. *Wright v. Roanoke Redevelopment and Housing Authority*, 479 U.S. 418, 430, 107 S.Ct. 766, 773–74, 93

L.Ed.2d 781 (1987). Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so 'vague and amorphous' that its enforcement would strain judicial competence. *Id.*, at 431–432, 107 S.Ct. at 774–775. Third, the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms. *Wilder v. Virginia Hospital Assoc.*, 496 U.S. 498, 510–511, 110 S.Ct. 2510, 110 L.Ed.2d 455 (1990).

*Blessing v. Freestone*, 520 U.S. 329, 340–41, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997). *See also Golden State*, 493 U.S. at 106, 110 S.Ct. 444 (The court must examine whether "the provision in question creates obligations binding on the governmental unit or rather 'does no more than express a congressional preference for certain kinds of treatment.'" (citing *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 19, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981))).

In *Wilder v. Virginia Hospital Assoc.*, 496 U.S. 498, 512, 110 S.Ct. 2510, 110 L.Ed.2d 455 (1990), the Court held that "the Boren Amendment imposes a binding obligation on States participating in the Medicaid program to adopt reasonable and adequate rates and that this obligation is enforceable under § 1983 by *health care providers*," not recipients of Medicare. (Emphasis added). Hall interprets this language as providing her with a statutory right of action under § 1983. However, as she is not a health care provider, *Wilder* does not provide her with a right of action to enforce the provisions of the Boren Amendment.[2] Therefore, Hall's cause of

---

2. Furthermore, even if the Boren Amendment had provided Hall with a right of action under § 1983 at an earlier point, "Congress repealed the Boren Amendment to the Medic-

aid Act—the provisions of § 1396a(a) 13 that required state to adopt 'reasonable and adequate' reimbursement standards." *HCMF Corp. v. Gilmore*, 26 F.Supp.2d 873, 878–79

action fails to meet the first prong of the *Blessing* test requiring that "the provision in question benefit the plaintiff." *Blessing,* 520 U.S. at 340, 117 S.Ct. 1353. Plaintiff has no cause of action under § 1983 as no federal right has been violated. Accordingly, Plaintiff's claims under § 1983 will be dismissed for failure to state a claim upon which relief can be granted.

### B. State Law Claims

Under 28 U.S.C. § 1367(c), this court "may decline to exercise supplemental jurisdiction over a claim ... if (3) the district court has dismissed all claims over which it has original jurisdiction." The Fourth Circuit has recently reiterated the proper framework:

> In *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the predecessor of 28 U.S.C. § 1367, the 1990 statute with respect to supplemental jurisdiction, the Court, although not denying the right of the district court to decide pendent claims, stated that "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130, 16 L.Ed.2d 218. Following *Gibbs,* the Court decided in *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), that, in a case in which the federal claims had been deleted from the complaint by the plaintiff, before trial, following a removal from a state court, the district court had the discretion to remand the pendent state-law claims to the state court.

*Farlow v. Wachovia Bank of North Carolina, N.A.,* 259 F.3d 309, 316–17 (4th Cir. 2001). *See also Revene v. Charles County Comm'rs,* 882 F.2d 870, 875 (1989) (holding

that the district court's order "dismissing the pendent state-law claims ... should have been entered without prejudice"). Under *Gibbs,* the court assesses and weighs the factors of judicial economy, convenience, fairness, and comity. Given the dismissal of all of the federal claims at the threshold of this litigation, the court, in its discretion, will dismiss the remaining state law claims without prejudice.

### IV. Conclusion

For the reasons stated above, Plaintiff's claims are dismissed with respect to all defendants, the state claims without prejudice. A separate order will follow.

### ORDER

In accordance with the accompanying Memorandum Opinion, IT IS this ____ day of March, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendants' Motion to Dismiss BE, and the same hereby IS, GRANTED;

2. All federal claims against the Prince George's County Department of Social Services, Karyn Lynch, Jane Foust, Robert McCormick, and Emma Coles BE, and the same hereby ARE, DISMISSED;

3. All state law claims against the Prince George's County Department of Social Services, Karyn Lynch, Jane Foust, Robert McCormick, and Emma Coles BE, and the same hereby ARE, DISMISSED WITHOUT PREJUDICE; and

4. The clerk is directed to transmit copies of the Memorandum Opinion and this Order to Plaintiff and to counsel for Defendants and CLOSE this case.

---

(W.D.Va.1998). *See also HCMF Corp. v. Allen,* 238 F.3d 273, 276 (4th Cir.2001) ("The new § 1396a(a)(13)(A) contains no substantive mandate.")