**Thomas E. BROWNSCOMBE**

v.

**DEPARTMENT OF CAMPUS PARKING et al.**

**No. CIV.A. DKC2001–3395.**

United States District Court, D. Maryland.

May 28, 2002.

Thomas E. Brownscombe, Adelphi, MD, for Plaintiff.

J. Joseph Curran, Jr., Office of the Attorney General, Carolyn W. Skolnik, Office of the Attorney General of Maryland, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this discrimination matter are (1)

Defendants' motion to dismiss pursuant to either Fed.R.Civ.P. 12(b)(2) or (6) and (2) Plaintiff's motion to admonish. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motion is granted and Plaintiff's motion is denied.

## I. Background

The following facts are alleged by Plaintiff in the complaint, which is not a model of clarity. Plaintiff Thomas E. Brownscombe ("Brownscombe") has been a student at the University of Maryland College Park ("UMCP") since 1987. Brownscombe is President of the Golden ID Student Association ("Golden ID") which consists mostly of senior citizens. Golden ID has a higher percentage of disabled persons than any other group at UMCP. UMCP delivers mail to some student groups. Defendants require Golden ID to rent a mailbox at the Campus Mail Facility, while no other student group is required to rent a mailbox. There are no handicapped parking spaces near the Campus Mail Facility. UMCP provides office space for some student groups and provides office space for Golden ID in the South Campus Dining Hall. There are no handicapped parking spaces within 650 feet of the South Campus Dining Hall and the office is inaccessible to handicapped persons.

Brownscombe has been determined by the Maryland Motor Vehicle Administration to be permanently disabled and has been issued a hang tag for his vehicle. Plaintiff has not owned a vehicle for ten years. UMCP has billed Brownscombe for parking tickets and fees and these charges have been included on his tuition bill. Prior to 2000, Brownscombe went to court to defend himself against the traffic violations. UMCP has never appeared in court and Plaintiff has always been found not guilty. Plaintiff states that uncontested parking tickets resulted in a prohibition against vehicle registration and he lost the use of said vehicle.

Plaintiff filed this complaint in the Circuit Court for Prince George's County on October 16, 2001. Defendants removed this action on November 14, 2001. Defendants moved to dismiss on November 20, 2001, asserting Eleventh Amendment immunity and failure to state a claim. Plaintiff opposed Defendants' motion and moved to admonish on March 6, 2002. Defendants responded on April 1, 2002.

## II. Standard of Review

A Rule 12(b)(6) challenge requires a court to accept all well-pled allegations of the complaint as true and to construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir.1997). Such a motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir.1989), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir.1979). Nevertheless, neither vagueness nor lack of detail is a sufficient ground on which to grant a motion to dismiss. *Hill v. Shell Oil Co.,* 78 F.Supp.2d 764, 775 (N.D.Ill.1999) (quoting *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985)).

## III. Analysis

### A. Eleventh Amendment Immunity

Defendants assert that the case should be dismissed pursuant to Rule 12(b)(2) for

lack of subject matter jurisdiction because they are entitled to immunity under the Eleventh Amendment. Defendants removed this case to federal court on the ground that jurisdiction was proper under 28 U.S.C. § 1331. The Supreme Court recently held that Defendants who remove a case from state court to federal court waive their Eleventh Amendment immunity to state-law claims, at least when the State has explicitly waived immunity from state-court proceedings. *Lapides v. Board of Regents of the University System of Georgia,* —— U.S. ——, ——, 122 S.Ct. 1640, —— L.Ed.2d ——, 2002 WL 970637, at *3 (2002). *Lapides* does not address a defendant's waiver of Eleventh Amendment immunity to federal claims by removal, but states that:

It would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the "Judicial power of the United States" extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the "Judicial power of the United States" extends to the case at hand.

*Id.* It is not necessary, in this case, to resolve the issue because all of Plaintiff's claims will be dismissed on alternate grounds.

### B. Failure to State a Claim

Defendants assert that Plaintiff's complaint fails to state a claim pursuant to Rule 12(b)(6). They argue that Count I fails because there cannot be a conspiracy between the University and the Board of Regents as they are the same entity, no discriminatory intent was alleged, and the statute of limitations has expired. According to Defendants, Count II also fails because it does not meet the requirements of the statutes set forth in the complaint.

### 1. Count I—Conspiracy to Discriminate against a Particular Age Group

Plaintiff alleges that the University of Maryland and the Board of Regents of the University of Maryland conspired to reduce the number of senior citizens attending the University by making parking more difficult and increasing fees for Golden ID students. A civil conspiracy in Maryland is:

a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the mean employed must result in damages to the plaintiff.

*Green v. Washington Suburban Sanitary Comm'n,* 259 Md. 206, 269 A.2d 815, 824 (1970) (internal citations omitted). In Maryland, "[t]he government of the University System is vested in the Board of Regents of the University System of Maryland." MD. CODE ANN., EDUC. § 12–102(b) (1999). Therefore, according to state law, the Board of Regents and University of Maryland are the same legal entity, not two separate persons, as is required to allege a civil conspiracy. Accordingly, Defendants' motion to dismiss will be granted with respect to Count I for failure to state a claim.

### 2. Count II—Violations of the Age Discrimination Act, the Rehabilitation Act, the Americans with Disabilities Act, the Maryland Accessibility Code, and the Individuals with Disabilities Education Act

Plaintiff alleges that Defendants violated the above stated statutes by requiring handicapped drivers to pay for garage

parking, requiring handicapped drivers to purchase special permits for each lot they wish to park in which are near their classes, refusing to create handicapped parking spaces near buildings where Plaintiff is required to go, and requiring handicapped persons to be in vehicles parked in handicapped spaces. Paper No. 1, Complaint.

### a. Individuals with Disabilities in Education Act, 20 U.S.C. § 1400, *et seq.*

■ First, the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), applies to children with disabilities. In 20 U.S.C. § 1400(d), the statute states its purposes as providing educational opportunities for "children with disabilities", "infants," and "toddlers". In 20 U.S.C. § 1412(a)(1), the law requires a State to provide services only to children between the ages of 3 and 21. Adults are beyond the scope of this statute. Therefore, Plaintiff does not have standing to bring a claim under the IDEA and it will be dismissed.

### b. Age Discrimination Act, 42 U.S.C. § 6104(e)

■ Next, Plaintiff alleges a claim under the Age Discrimination Act, 42 U.S.C. § 6104(e). However, Brownscombe does not assert that he has filed any administrative complaint with any federal department or agency in this matter. The pertinent passages of the Age Discrimination Act provide that:

(1) When any interested person brings an action in any United States district court for the district in which the defendant is found or transacts business to enjoin a violation of the Act ..., such interested person shall give notice by registered mail not less than 30 days prior to the commencement of the action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed ....

(2) The notice ... shall state the nature of the alleged violation, the relief to be requested, [and] the court in which the action will be brought .... No action described in paragraph (1) shall be brought ... (B) if administrative remedies have not been exhausted.

42 U.S.C. § 6104(e). Plaintiff's assertion that his conversations with Administrators at the University of Maryland exhaust his administrative remedies is unavailing. The statute requires filing with the Secretary of Health and Human Services and the Attorney General, neither of which was done. Therefore, Plaintiff's claim asserting a violation of the Age Discrimination Act will be dismissed for failure to state a claim.

### c. Maryland Accessibility Code

■ Plaintiff then asserts a violation of the Maryland Accessibility Code. The Code states that it "is not intended to grant or imply a private cause of action to an individual against the State, the Department, its employees, agents, or assignees for violations of the Code." MD. REGS. CODE tit. Hous. Comm. Dev., § 05.02.02.10 (2002). Therefore, Plaintiff does not have standing and is unable to state a claim for a violation of the Accessibility Code. Accordingly, the Maryland Accessibility Code claim will be dismissed.

### d. Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

■ Plaintiff claims a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* asserting that Defendants' policies of ticketing and payment for parking by handicapped drivers are discriminatory. In order to establish a

violation of the ADA, Brownscombe must show:

> (1) that he has a disability; (2) that he is otherwise qualified for the benefit in question; and (3) that he was excluded from the benefit due to discrimination solely on the basis of the disability.

*Baird ex rel. Baird v. Rose,* 192 F.3d 462, 467 (4th Cir.1999) (internal citations omitted). Although Plaintiff has adequately asserted that he is a disabled individual under 42 U.S.C. § 12102(2)(B), he has failed to allege that the University of Maryland has denied him access to an education or some other benefit by issuing parking tickets and requiring payment for parking facilities, or that these actions were only taken against disabled individuals. As Plaintiff has failed adequately to assert all essential elements of an ADA claim, it will be, therefore, dismissed.

### e. Rehabilitation Act of 1973, 29 U.S.C. § 701

Finally, Plaintiff asserts a violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Defendants respond that a private right of action does not exist under the Rehabilitation Act based on *Alexander v. Sandoval,* 532 U.S. 275, 293, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001), that holds that there is no private right of action "to enforce regulations promulgated under § 602 [of Title VI of the Civil Rights Act]." Defendants assert that this holding regarding Title VI means that there is no private right of action under the Rehabilitation Act as well, because the procedures to enforce the Rehabilitation regulations effectuating Section 504 adopt the same procedures as Title VI. See 34 C.F.R. § 104.61 (2001). However, the Supreme Court has previously held that private individuals do have a right of action under Section 504 of the Act, prohibiting a federally funded state program from discriminating against an individual solely on the

basis of individual's handicap, and rejected incorporating into § 504 a limitation found in § 604 of Title VI. *See Consolidated Rail Corp. v. Darrone,* 465 U.S. 624, 625, 104 S.Ct. 1248, 79 L.Ed.2d 568 ("Section 504's language suggests that its bar on employment discrimination should not be limited to programs that receive such federal aid. The legislative history, executive interpretation, and the Rehabilitation Act's purpose to promote and expand ... opportunities for the handicapped are all consistent with this construction.")

██ Section 504 of the Act prohibits a federally funded state program from discriminating against a handicapped individual solely on the basis of his handicap. *School Board of Nassau County v. Arline,* 480 U.S. 273, 275, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987). In order for Plaintiff to establish a violation of § 504, he must assert that:

> (1) he has a disability; (2) he is otherwise qualified; (3) he was excluded from participation in, was denied the benefits of, or was subjected to discrimination solely by reason of his disability; and (4) [Defendant] receives federal financial assistance.

*Proctor v. Prince George's Hospital Center,* 32 F.Supp.2d 820, 826 (D.Md.1998), *citing Doe v. University of Maryland,* 50 F.3d 1261, 1265 (4th Cir.1995). Plaintiff has again failed adequately to assert all necessary elements as he has not sufficiently alleged that he was subjected to discrimination solely because of his disability. He does not assert that he was receiving more parking tickets than non-disabled individuals or that non-disabled individuals were not required to pay for parking when he was. It seems that he is complaining that he is subjected to the same parking system that the non-disabled individuals are. This is not dis-

crimination on the basis of his disability. Further, he was not excluded from participation in, or denied the benefits of, the educational system of the University of Maryland, as he does not allege that any part of the administration ever prevented him from attending classes or events at UMCP. Therefore, Plaintiff's Rehabilitation Act claim is dismissed for failure to state a claim.

### C. Plaintiff's Motion to Admonish

■ Plaintiff moved to admonish Defendants for ignoring Plaintiff's settlement offer, not responding to Plaintiff's offers to meet to discuss settlement or discovery, and not answering Plaintiff's requests for admissions.[1] Paper No. 9. Defendants reply that no scheduling order has been entered, that discovery shall not commence until an order is entered, and a motion to dismiss was pending. Local Rule 104.4(b). Defendants' position is correct and the court sees no reason why it should admonish them for complying with the Local Rules of court. Further, it is illogical to expect Defendants to negotiate a settlement regarding a matter that might be dismissed. Rule 11 only imposes sanctions for presenting papers to the court for an improper purpose or if they lack evidentiary support. FED. R. CIV. P. 11(b) & (c). Therefore, because Plaintiff does not allege that Defendants have submitted any false or misleading papers and Defendants did not act improperly in waiting for the court's orders to proceed with litigation, Brownscombe's motion to admonish Defendants is denied for failure to state a claim upon which relief can be brought.

### IV. Conclusion

For the reasons stated above, Plaintiff's claim is dismissed with respect to all defendants. A separate order will follow.

---

1. The court will treat Plaintiff's motion as a motion for sanctions, pursuant to FED. R. CIV. P. 11(c), as the Rules of Civil Procedure do

### ORDER

In accordance with the accompanying Memorandum Opinion, IT IS this ____ day of May, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendants' Motion to Dismiss BE, and the same hereby IS, GRANTED;

2. All claims against the University of Maryland, College Park, the University of Maryland, College Park Campus Parking, University System of Maryland, and the Board of Regents BE, and the same hereby ARE, DISMISSED;

3. Plaintiff's Motion to Admonish Defendants BE, and the same hereby IS, DENIED;

4. The clerk transmit copies of the Memorandum Opinion and this Order to Plaintiff and to counsel for Defendants and CLOSE this case.

not refer to motions to admonish opposing counsel.