Paul KRESS

v.

FOOD EMPLOYERS LABOR RELATIONS ASSOCIATION and United Food and Commercial Workers Health and Welfare Fund, et al.

No. Civ.A. DKC2002–2159.

United States District Court, D. Maryland.

Sept. 6, 2002.

Louis Fireison, Michael A. Coogen, Jr., Louis Fireison and Associates PA, Bethesda, MD, for Plaintiff.

Harry W. Burton, Terra Elswick Castaldi, Jennifer M. Simmons, Morgan Lewis and Bockius LLP, Washington, DC, for Defendants.

### MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this case brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., is Defendant Giant of Maryland, LLC's Motion to Dismiss or, in the Alternative, for Summary Judgment. The issues have been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For the reasons that follow, the court will grant Defendant Giant's motion to dismiss.

### I. Background

The following facts are alleged by Plaintiff. Plaintiff was employed by Defendant Giant of Maryland, LLC (Giant) at store

no. 67 located in Silver Spring, Maryland. At the time Plaintiff was considering joining Giant as an employee, Giant promised to provide benefits to Plaintiff in the event that he should ever be injured as a result of an accident. This promise was a condition of Plaintiff's decision to accept employment with Giant. After becoming employed, the terms of Plaintiff's health and welfare benefits plan came into effect and Plaintiff and his dependents became covered by Defendant Food Employers Labor Relations Association and United Food and Commercial Workers Health and Welfare Fund (the Fund). The Fund is a "Welfare Benefit Plan" governed by ERISA.

Plaintiff later became involved in an automobile accident on or about November 14, 2000. As a result of the accident, Plaintiff sustained significant injuries that required him to seek medical treatment. In or about April 2001, the Fund sent Plaintiff a Subrogation Assignment of Rights and Reimbursement Agreement (the Agreement) for his signature. Plaintiff objected to several of the Agreement's provisions. As a result of Plaintiff and Defendant Fund's inability to agree to the language in the Agreement, on or about October 25, 2001, the Fund refused to pay any more of Plaintiff's accident-related medical expenses. The Fund also ceased coverage of Plaintiff's other medical expenses as well as the general medical expenses of his dependents. Defendant Giant has also failed to pay or cause to be

paid the benefits it had promised to Plaintiff.[1]

In May 2002, Plaintiff filed a complaint against Defendants in Circuit Court for Montgomery County, Maryland. Because the action was brought under ERISA, as well as the laws of Maryland, the case was removed to United States District Court for the District of Maryland on June 27, 2002. In his complaint, Plaintiff 1) seeks declaratory judgment, 2) seeks recovery of plan benefits, and 3) claims breach of fiduciary duty, all against Defendant Fund, and 4) claims breach of contract against Defendant Giant.[2] Giant filed its Motion to Dismiss, or, in the Alternative, for Summary Judgment on the breach of contract claim on July 10, 2002. Plaintiff filed his opposition on July 26, 2002 and Giant replied on August 9, 2002.

## II. Standard of Review

Giant has moved to dismiss for failure to state a claim on the basis of Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment on the basis of Rule 56. A court only considers the pleadings when deciding a Rule 12(b)(6) motion. If matters outside the pleadings are presented and not excluded, the motion must be considered under the summary judgment standard of Rule 56.

While Giant brings a motion for summary judgment in the alternative to its motion to dismiss, it does not challenge Plaintiff to forecast sufficient evidence to support his claims; Giant only argues that

1. It is unclear whether the benefits allegedly promised by Giant were those to be offered by the Fund or separate benefits. See discussion at section III below.

2. Plaintiff originally named Giant Food Stores, Inc. as Defendant in his complaint. After Giant Food Stores, Inc. filed the motion to dismiss however, the parties realized Plaintiff had actually been an employee of Giant of

Maryland, LLC. The parties agreed to substitute Giant of Maryland as the proper defendant and to allow Giant of Maryland to adopt the previously filed motion to dismiss. Plaintiff subsequently moved to amend his complaint on August 2, 2002, substituting Defendant Giant of Maryland, LLC for Giant Food Stores, Inc. That motion was granted on August 5, 2002.

Plaintiff fails to state a claim against it. Furthermore, neither party has presented matters outside the pleadings for the court's consideration. The motion will therefore be considered a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and decided accordingly.

A Rule 12(b)(6) challenge requires a court to accept all well-pled allegations of the complaint as true and to construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir.1997). A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). However, the court need not accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979). Nevertheless, neither vagueness nor lack of detail is a sufficient ground on which to grant a motion to dismiss. *See Hill v. Shell Oil Co.*, 78 F.Supp.2d 764, 775 (N.D.Ill.1999) (quoting *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985)).

## III. Analysis

■■■■ Giant moves to dismiss Plaintiff's state law breach of contract claim on the theory that it is preempted by ERISA. ERISA § 514(a), 29 U.S.C. § 1144(a), states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" that is covered by ERISA. Section 514(a)'s pre-emptive scope is not limited to state laws designed to affect employee benefit plans or those governing the sub-ject matters covered by ERISA. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). In fact, the Supreme Court has interpreted the phrase "relate to" in § 514(a) very broadly: "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.*, 96–97, 103 S.Ct. 2890. Under Giant's theory, the state contract law on which Plaintiff's breach of contract claim is based is pre-empted by § 514(a) and the claim against Giant should therefore be dismissed.

In his complaint, Plaintiff claims that "[t]o the extent that the Plan does not constitute an ERISA employee benefit plan, Defendant Giant is liable for breaching that contract." (Paper 2, ¶ 35 and Paper 12 (Amended Complaint), ¶ 37). The essence of Plaintiff's claim is that Giant promised him health and welfare benefits and, because he has not received benefits—from any source—in connection with his accident-related injury, he is bringing the breach of contract claim against Giant in addition to the claims against Defendant Fund. What is unclear, however, even to Plaintiff at this time, is whether the alleged promise by Giant was simply for the benefits offered by the Fund's coverage or for benefits independent from the Fund. In his opposition to Giant's motion to dismiss, Plaintiff acknowledges that "[i]t is not known at this time by Plaintiff whether all those benefits promised to Plaintiff derived exclusively from the ERISA Plan offered by Defendant Giant or were those offered by Defendant Giant itself" and notes the need for discovery before he can establish the character of the benefits promised by Giant. (Paper 11). However, regardless of whether the benefits promised by Giant were simply the Fund benefits or were benefits independent of the Fund's plan, Plaintiff's breach of contract claim against

Giant is preempted by ERISA and must be dismissed.

■ The purpose of ERISA is to "protect ... participants in employee benefit plans and their beneficiaries ... by providing for appropriate remedies, sanctions, and ready access to Federal courts." ERISA § 2, 29 U.S.C § 1001(b). The scope of ERISA regulation covers employee benefit plans that provide benefits in the event of sickness, accident, disability, or death. ERISA § 3(1), 29 U.S.C. § 1002(1). ERISA's expansive preemption clause was designed to "establish pension plan regulation as exclusively a federal concern," *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987), quoting *Alessi v. Raybestos–Manhattan Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981), by "eliminating the threat of conflicting and inconsistent State and local regulation." 120 Cong.Rec. 29197 (1974). In particular, Congress intended to preempt state laws " 'providing alternate enforcement mechanisms' for employees to obtain ERISA plan benefits." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1468 (4th Cir.1996), quoting *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers*, 514 U.S. 645, 658, 115 S.Ct. 1671, 1678, 131 L.Ed.2d 695 (1995).

The case at hand presents two alternate possibilities—that the promise made by Giant to Plaintiff for benefits was a promise for benefits that would be provided by Fund coverage or that the promise was for benefits independent of those provided by the Fund. Both Plaintiff and Defendants acknowledge that the Fund is a "Welfare Benefit Plan" as defined in and covered by ERISA. If the promised benefits were simply those to be provided by the Fund, Plaintiff's breach of contract claim would obviously "relate to" an employee benefit plan governed by ERISA and, pursuant to § 514(a), the claim would be preempted. In fact, Plaintiff concedes as much by limiting his breach of contract claim against Giant "[t]o the extent that the Plan does not constitute an ERISA employee benefit plan ..." (Paper 2, ¶ 35 and Paper 12 (Amended Complaint), ¶ 37).

■ In effect, Plaintiff's claim against Giant is an insurance policy guarding against the failure of his ERISA claims against the Fund. As such, it is precisely the kind of alternate enforcement mechanism to obtain ERISA plan benefits that the Fourth Circuit deemed appropriate for preemption in *Coyne & Delany*. Furthermore, even if Plaintiff could show that Giant's promise was an individual promise to Plaintiff independent of the Fund's benefits, the breach of contract claim would still be preempted. Plaintiff was covered by the Fund's health and welfare plan and that plan provided accident-related injury benefits. Plaintiff's claim against his employer Giant is for the same type of benefits that the Fund's ERISA-governed plan offered. A state law claim that "seeks to recover benefits of a sort which are already provided by an ERISA plan, even though it seeks to recover them not from the plan itself, but from the employer directly" is preempted by § 514(a). *Stiltner v. Beretta U.S.A. Corp.*, 74 F.3d 1473, 1480 (4th Cir.1996), citing *Biggers v. Wittek Industries, Inc.*, 4 F.3d 291, 298 (4th Cir. 1993). ERISA therefore preempts Plaintiff's breach of contract claim against Giant under this alternate scenario as well.

Plaintiff's reliance on *Stiltner* to support the notion that he can proceed in securing benefits from his employer if he relied upon or was prejudiced by the employer's representations of an inconsistent plan is misplaced. *See id.* at 1487. Without addressing the other important differences between the *Stiltner* facts and the ones at hand, it suffices to note that the proposi-

tion in *Stiltner* referenced by Plaintiff was made specifically in the context of securing relief under ERISA—not under state law. It is therefore inapplicable here. Plaintiff also relies on *Kemp v. Control Data Corporation,* 785 F.Supp. 74 (D.Md.1991), for the proposition that breach of contract claims for benefits that are free and independent of an ERISA plan are not preempted. *See id.* at 77. However, the operative issue in *Kemp* was not that the contested benefits were independent of the ERISA plan, but rather that the benefits were not offered by the ERISA plan. In the present case, Plaintiff is seeking from Giant benefits that are already offered by the Fund and therefore, consistent with the previous analysis, *Kemp* does not save Plaintiff's state law claim and it is preempted.

## IV. Conclusion

For the foregoing reasons, Plaintiff's breach of contract claim brought under the laws of Maryland is preempted by ERISA § 514(a) and the court will grant the motion to dismiss Plaintiff's state law claim against Defendant Giant. A separate order will be entered.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this ____ day of September, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion of Defendant Giant of Maryland, LLC to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) BE, and the same hereby IS, GRANTED;

2. The breach of contract claim of Plaintiff brought under the laws of Maryland against Defendant Giant of Maryland, LLC BE, and the same hereby IS, DISMISSED; and

3. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties.